STATE *vs.* WILLIAM McCAFFREY.

May Term, 1896.

Present: Ross, C. J., Taft, Rowell, Tyler, Munson and Start, JJ.

*Truancy Law—Complaint—Constitutionality—Negativing Exception.*

A complaint drawn in accordance with V. S. 720. sufficiently appraises the respondent of the "cause and nature of his accusation."

The words, "beginning with the school year," as employed in V. S. 711, mean the beginning of the first term of school.

V. S. 711 requires attendance for twenty-six weeks beginning with the commencement of the first term and continuous thereafter while school is in session; and the respondent became amenable when it was established that his child had failed to attend in such manner as would make twenty-six continuous weeks from that time. Therefore he was not entitled to show that he intended to send the child, subsequently, to another school enough to make out the twenty-six weeks.

The exceptions in V. S. 711, "unless the child is mentally or physically unable to attend, has already acquired the branches required by law to be taught in the public schools, or is otherwise being furnished with the same education," are not descriptive of the offense and so to be negatived by the State, but matters of excuse to be shown by the respondent.

COMPLAINT for violation of the statute against truancy. At the February Term, 1896, Orleans County, *Thompson*, J., presiding, the cause was first heard on demurrer to the complaint. Demurrer overruled; complaint adjudged sufficient; exceptions by respondent; exceptions ordered to lie. Thereupon, at the same term, the respondent pleaded not guilty. Trial by jury. Verdict, guilty, and judgment and sentence thereon.

At the close of the evidence the respondent moved the court to order a verdict of not guilty, for that under the statute no prosecution can be had till the end of the school year, and upon the ground that there was no evidence tending to show that the said Mark McCaffrey had not been elsewhere provided with the same education during the

time that the State's evidence tended to show that he was absent from school.   The motion was overruled and the respondent excepted.   All the evidence was referred to.

The evidence of the State tended to show that during the school year beginning April 1, 1895, there was kept in the district where the respondent resided, a lawful, public school of three terms, one term of eight weeks, beginning May 6, 1895, one term of ten weeks beginning September 2, 1895, and one term of ten weeks beginning December 2, 1895; that the respondent had, at the beginning of said school year and from thence continuously to the commencement of this prosecution, in his charge and under his control, his minor son, Mark, who, at the commencement of this prosecution, and at the time of trial, was over eight and under fifteen years of age; that during said first term the respondent did not cause said Mark to attend said school continuously, but on several days permitted him to remain away therefrom; and that during said second term said Mark attended the same only thirty-nine and one-half days, and that the first day he was absent from said term, complaint was made in respect to such absence, and this prosecution was commenced; that said Mark, during all the time said three terms were in session, was mentally and physically able to attend school continuously, beginning with the first day of the school year and the first day of said first term, and that during all that time he had not acquired the branches required by law to be taught in the public schools; and that during the time he was absent he was not otherwise being furnished with the same education as was being furnished by said public school, or any education, and had not attended a public school, twenty-six weeks continuously, in that school year prior to the commencement of this prosecution.

The respondent offered to show that "when he kept his son out of school, he intended to send him, subsequently, to the Craftsbury Academy for a time and in a manner which

would make twenty-six continuous school weeks, together with what he had attended continuously at the district school, and that he did subsequently send his child to the Craftsbury Academy, and that the child is now attending school there." This offer was excluded and the respondent excepted.

. It was conceded that Craftsbury Academy was a school fully equal to that which the State claimed the respondent should have caused his son to attend.

The respondent excepted to the failure of the court to charge that there was no proof but that the child was otherwise furnished with the education required.

*H. F. Graham* and *Cook & Redmond* for the respondent.

The demurrer should have been sustained.

V. S. 720, which is said to authorize this form of a complaint is unconstitutional in that it deprives the respondent of his right to "demand the cause and nature of his accusation." Const. Vt. Art. 10.

V. S. 711, which is the only section claimed to have been violated, is penal and demands a strict construction. "Only those transactions are covered by it which are within both its spirit and its letter." Bishop Stat. Cr. §§ 194, 230; *State* v. *McOmber*, 6 Vt. 215; *State* v. *Sumner*, 10 Vt. 587; I Bl. Com. 88; IV Id. 193; Endl. Interp. St. §§ 329, 330.

V. S. 705 prescribes that the school year shall commence on the first day of April. V. S. 711 requires a child to be sent to school "beginning with the school year." But this school did not, and few schools do, begin on the first day of April. If the legislature did not mean exactly what it said—and it cannot have meant that—what did it mean? The statute is a penal one and no conjecturing should be permitted.

. The State was bound to show, as a part of its own case, that Mark was not being furnished with equivalent education, for the exception is contained in the body of the enact-

ing clause. *State* v. *Butler,* 17 Vt. 145 ; *State* v. *Barker,* 18 Vt. 195 ; *State* v. *Abbey,* 29 Vt. 60 ; *State* v. *Norton,* 45 Vt. 258.

The evidence did not tend to negative this exception.

*O. S. Annis,* State's Attorney, for the State.

The demurrer was properly overruled. The complaint conforms to V. S. 720 and sufficiently designates an offense under V. S. 711. The truancy statute is a police regulation and in providing for its enforcement the legislature was tied up to common law methods of procedure. *State* v. *Hodgson,* 66 Vt. 134 ; I Bish. Crim. Proc. § 400 ; *State* v. *Camley,* 67 Vt. 322.

"The beginning of the school year," means the beginning of the first school term in the year.

Whether there was evidence to show that the child was not being furnished with equivalent education is immaterial. That was matter of defence. *State* v. *Abbey,* 29 Vt. 60 ; *State* v. *Hodgdon,* 41 Vt. 139.

TYLER, J. Section 711, V. S., makes it the duty of a person having the control of a child between the ages of eight and fifteen years to cause such child to attend a public school at least twenty-six weeks in a year, such attendance to begin with the school year and be continuous, unless the child is mentally or physically unable to attend, has already acquired the branches required to be taught in the public schools, or is otherwise being furnished with the same education.

(1) The respondent does not contend that the law is unconstitutional in respect to its compulsory requirement, but that the complaint does not appraise him of the "cause and nature of his accusation" in the manner provided by the constitution.

The complaint charges that the respondent had the control of his minor son, Mark McCaffrey, who was between the ages of eight and fifteen years, and neglected to

send him to school as required by law. It is drawn in accordance with V. S., 720, which prescribes the form applicable to cases arising under §§ 711 and 719. See No. 13, Acts of 1870, and No. 22, Acts of 1892.

Section 711, which provides for compulsory attendance, is in the nature of a police regulation, and was enacted with a view to the safety and welfare of the State, the intelligence of the people being its safeguard.

Article 5 of our constitution provides: "That the people of this State, by their legal representatives, have the sole, inherent, and exclusive right of governing and regulating the internal police of the same." It was said in *State* v. *Hodgson*, 66 Vt. 134, "The constitution of the State, its provision for a legislature to enact laws, the committal to it of the exclusive right and power to govern and regulate the internal police of the State, as well as the statutes of the State, proceed upon the theory that the State has the right and power to change and vary at its pleasure, both in criminal and civil matters, the methods of procedure, so long as it does not invade the fundamental rights of the citizen reserved by the constitution. It does not, as some seem to think, tie up the legislature to follow common law methods of procedure, even in criminal cases." It was therefore competent for the legislature to prescribe the form of complaint, and it sufficiently exhibited to the respondent the nature and cause of the accusation.

(2) Section 705 prescribes that the school year shall commence on the first day of April. The clause in § 711, "beginning with the school year," was evidently employed to require that the twenty-six weeks' attendance should commence at the beginning of the first term and be continuous thereafter when school was in session. The reasons for the requirement are obvious—that children should begin their attendance when classes are being formed for the year, and that they should not interrupt the work of classes by unnecessary absences. The constitution declares that a competent

number of schools ought to be maintained in each town for the convenient instruction of youth, and the statute requires that each district shall maintain a school at least twenty-eight weeks in the school year, and that all pupils shall be thoroughly instructed in certain branches of education. These requirements may be partially defeated and much of the expense of maintaining schools rendered useless unless regular attendance can be enforced.

The offer of the respondent to show that he intended subsequently to send his son to an Academy for a period of time which, with the time that he had attended the district school, would make twenty-six continuous weeks, was properly excluded. The offense was committed and the respondent became amenable to the statute whenever it was established that the child was not in attendance upon school in such a manner as would make twenty-six continuous weeks from the beginning of the first term in the school year. The State's evidence tended to show that prior to the filing of the complaint the child had been absent several days during the first term and had been in attendance only thirty-nine days of the second term of that school year. It was held in *Com.* v. *Roberts*, 159 Mass. 372, under a statute similar to ours, that it was incumbent upon the respondent, in order to escape the penalty imposed, to show that the child had been instructed for the specified time in the required branches of learning, unless the child had already acquired them.

(3) The respondent contends that to establish the offense it was incumbent upon the State to negative the exceptions in the statute. The rule is that the exceptions must be negatived only where they are descriptive of the offense or define it, but where they afford matter of excuse merely, and do not define nor qualify the offense created by the enacting clause, they are not required to be negatived. In this case the exceptions are not descriptive of the offense. If the respondent came within either of the exceptions the

fact was peculiarly within his knowledge and should have been proved by him as matter of defense. The cases cited by the State and by the respondent support this rule.

> *Judgment that there was no error, and that the respondent take nothing by his exceptions.*