### State of Vermont v. Timothy R. Baker

[579 A.2d 479]

No. 88-616

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed June 1, 1990

---

*William Sorrell,* Chittenden County State's Attorney, Burlington, and *Rosemary Hull* and *Gary S. Kessler,* Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr.,* Defender General, and *Daniel Smith,* Montpelier, for Defendant-Appellant.

**Dooley, J.** Defendant appeals from a jury conviction of operating a motor vehicle while his license was suspended (DLS), in violation of 23 V.S.A. § 674(a). He alleges two errors: (1) the trial court placed the burden of proving the necessity defense upon him rather than requiring the State to disprove the existence of the defense; and (2) the court refused to consider community service as an alternative to imprisonment. We reject both claims and affirm.

On August 27, 1988, an Essex Junction police officer stopped a car driven by defendant after observing that the car had a large crack in the windshield and a loud muffler. The officer asked defendant for identification, and, at first, defendant misidentified himself. He then furnished his true identity and stated that he did not have a driver's license. The officer cited defendant for driving with a suspended license and released him.

At trial, the State produced evidence that defendant operated a motor vehicle on a public highway at a time when his license was under suspension. The defense then produced evidence to establish the affirmative defense of necessity. Defendant's wife and sister testified that they were passengers in the car when it was stopped by the officer and further related the following events. Defendant's wife was initially driving the car when they stopped at the drug store for a snack. When defendant's sister bit into the plastic wrapper of her snack to open it, a piece of the wrapper lodged in her throat and she began to choke. Defendant's wife took control of the situation because defendant was apparently unable to handle medical emergencies. She directed defendant to drive the car to the hospital while she remained in the back seat to assist her sister-in-law. Shortly before the car was stopped, the plastic was dislodged and defendant's sister was breathing normally again.

The trial court determined that defendant established a prima facie case for each of the elements of the necessity defense and therefore gave instructions to the jury concerning this defense. Defendant requested that the court instruct the jury that the State had the burden of disproving the defense of necessity beyond a reasonable doubt, but the court denied the request. The court instructed the jury that the State had the burden of proving every element of the offense beyond a reasonable doubt, and explained that defendant was presumed innocent and need not introduce any evidence on his own behalf. The court went on to charge, over defendant's objection, that defendant had the burden to prove the necessity defense by a preponderance of the evidence in order to gain an acquittal on that ground. The jury returned a guilty verdict.

At sentencing, the State emphasized that defendant's license had been suspended for operating a motor vehicle under the influence of intoxicating liquor, in violation of 23 V.S.A. § 1201, and that the DLS statute, 23 V.S.A. § 674(c)(1), established a two-day jail sentence as a mandatory minimum sentence in such instances. The defense argued for community service as an alternative to imprisonment. The court imposed a three-day jail sentence.

Defendant first argues that the trial court erred by placing the burden of proving the necessity defense upon him rather than allocating to the State the burden of disproving this defense. In analyzing this claim, we begin by noting that there are two burdens which must be met when a defendant wishes to go forward with an affirmative defense. The first is the burden of production. We have previously held that a defendant carries the burden of production in such instances and must establish a prima facie case on each of the elements of the affirmative defense before the court can submit the defense to the jury. See *State v. Squires*, 147 Vt. 430, 431, 519 A.2d 1154, 1155 (1986) (necessity defense).

The second burden is the burden of persuasion (or proof). We have never resolved which party has the burden of persuasion where a necessity defense is properly raised. In the absence of any legislative directive, we allocate the burden of persuasion of defenses in criminal cases based upon a two-step analysis. We first determine whether there are any constitutional constraints and then, if there are no such constraints, we place the burden in accordance with a number of factors developed in our cases.

The due process clause of the Fourteenth Amendment to the United States Constitution mandates that a defendant may be convicted only if the State proves beyond a reasonable doubt "every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S 358, 364 (1970); see also *State v. Messier*, 145 Vt. 622, 625, 497 A.2d 740, 744 (1985). Recent United States Supreme Court decisions make it clear, however, that the burden may be placed on a defendant to prove affirmative defenses by a preponderance of the evidence provided that the affirmative defense "does not serve to negative any facts of the crime which the State is to prove in order to convict." *Patterson v. New York*, 432 U.S. 197, 206–07 (1977); see also *Martin v. Ohio*, 480 U.S. 228, 233 (1987); *State v. Messier*, 145 Vt. at 626–27, 497 A.2d at 744 (decided under Federal and State Constitution).

■ In the present case, defendant was charged with operating a motor vehicle with a suspended license in violation of 23 V.S.A. § 674(a). To obtain a conviction under § 674(a), the State must prove beyond a reasonable doubt that defendant's license was suspended, that it has not been reinstated, and that defendant was operating, or attempting to operate, a motor vehicle upon a public highway. After proving these elements, the State is not constitutionally required to go further unless defendant raises a defense which negates one of these elements. Here, defendant raised the necessity defense.

Necessity is a well established affirmative defense in Vermont. See *State v. Squires*, 147 Vt. at 431, 519 A.2d at 1155; *State v. Shotton*, 142 Vt. 558, 458 A.2d 1105 (1983). The four elements of the necessity defense are:

(1) there must be a situation of emergency arising without fault on the part of the actor concerned;

(2) this emergency must be so imminent and compelling as to raise a reasonable expectation of harm, either directly to the actor or upon those he was protecting;

(3) this emergency must present no reasonable opportunity to avoid the injury without doing the criminal act; and

(4) the injury impending from the emergency must be of sufficient seriousness to outmeasure the criminal wrong.

*Shotton*, 142 Vt. at 560–61, 458 A.2d at 1106. None of these necessity defense elements serve to negate any of the elements of the crime that the State must prove. Cf. *State v. Messier*, 145 Vt. at 628 n.*, 497 A.2d at 743 n.* (defense of insanity does not by itself negate specific intent in murder case); *State v. Wilkins*, 144 Vt. 22, 25, 473 A.2d 295, 296 (1983) (entrapment is affirmative defense, which defendant must prove by a preponderance of the evidence). Therefore, the State is not constitutionally required to bear the burden of disproving the necessity defense in this case.

■ Once we determine that an affirmative defense does not challenge an element of the crime, the constitutional requirement that the burden rest upon the State evaporates. Hence,

the burden of persuasion may be placed on either the defendant to prove the defense by a preponderance of the evidence or the prosecution to disprove the defense beyond a reasonable doubt. See *State v. St. Francis*, 151 Vt. 384, 387–91, 563 A.2d 249, 251–53 (1989).

It is fair to say that our law on allocation of burdens of persuasion in criminal cases is going through a period of development. We have traditionally allocated to the State the burden to disprove affirmative defenses beyond a reasonable doubt. Prior to the recent statutory amendment, we required the State to prove sanity—that is, disprove insanity—beyond a reasonable doubt. See *State v. Gokey*, 136 Vt. 33, 37, 383 A.2d 601, 603 (1978). Our cases on self-defense allocate to the State the burden to disprove the defense beyond a reasonable doubt, if evidence raising the issue appears during the case. *State v. Barrett*, 128 Vt. 458, 460, 266 A.2d 441, 443 (1970). The burden of persuasion of this defense was placed on the State over one hundred years ago in *State v. Patterson*, 45 Vt. 308, 314–16 (1873), a manslaughter case. The Court adopted the views of cases from other states to the effect that the prosecution has the burden of showing that the killing was unjustifiable and unlawful. Thus, the Court summarized that the State must show "beyond a reasonable doubt that the crime charged in the indictment was committed by the respondent." *Id.* at 316.

The rule in *Patterson* was not deemed controlling in *State v. McCaffrey*, 69 Vt. 85, 37 A. 234 (1896), a case in which defendant was charged with truancy for not sending his child to school. Defendant argued that he fit within certain statutory exceptions to the attendance requirement and that the State was required to negate these exceptions as part of its proof. The Court disagreed, stating that "the exceptions must be negatived only where they are descriptive of the offense or define it." *Id.* at 90, 37 A. at 235–36. The Court held that the exceptions were not descriptive of the offense and the State did not have to negate them. It went on to note that "the fact [of the exceptions] was peculiarly within [defendant's] knowledge." *Id.* at 90–91, 37 A. at 236.

In a series of recent cases, we have held that the defendant has the burden of persuasion with respect to a particular defense. In *State v. Messier,* we considered a recent statute under which the defendant has "the burden of proof in establishing insanity as an affirmative defense by a preponderance of the evidence." 13 V.S.A. § 4801(b). We concluded that the statute was constitutional, finding that the language of the statute "demonstrates an intent by the legislature to eliminate sanity as an essential element of [the] crime." *Messier,* 145 Vt. at 627, 497 A.2d at 742.

In *State v. Wilkins,* 144 Vt. at 25, 473 A.2d at 296, we held that the defendant has the burden of establishing the affirmative defense of entrapment by a preponderance of the evidence. This decision was based in part on the Legislature's action in placing the burden of proving insanity on the defendant. We found in the action "an intent to require defendants to prove affirmative defenses by a preponderance of the evidence." *Id.* at 25, 473 A.2d at 296–97.

Most recently, we held that once the State proves beyond a reasonable doubt that a defendant committed a crime within the boundaries of the state, the burden is then allocated to defendant to prove by a preponderance that the State lacks jurisdiction over him because he is an Indian and the alleged crime was committed in Indian country. *St. Francis,* 151 Vt. at 391, 563 A.2d at 253. In *St. Francis,* we developed several factors to consider when allocating the burden of persuasion. These factors were based primarily upon the general principles set forth in *State v. McCaffrey* and those described by Professor Wigmore in 9 J. Wigmore, Evidence in Trials at Common Law § 2486 (1981). These factors generally place the burden upon the party: (1) seeking to prove the existence of a fact rather than its nonexistence, (2) to whose case the fact is essential, and (3) who has peculiar knowledge of the existence of the facts at issue. *St. Francis,* 151 Vt. at 388, 563 A.2d at 251–52.

We recognize that there are similarities between the defenses of necessity and self-defense and that these similarities suggest that the burden of persuasion for both defenses should be allocated to the same party. There are, however, also differences.

Necessity is a "confession and avoidance" defense, raised as "justification for the commission of a crime." *State v. Warshow*, 138 Vt. 22, 24–26, 410 A.2d 1000, 1001–03 (1979). The defense is "founded upon public policy and provides a justification distinct from the elements required to prove the crime." *People v. Heath*, 207 Cal. App. 3d 892, 900–01, 255 Cal. Rptr. 120, 124 (1989). The allocation of the burden of persuasion with respect to self-defense in *Patterson* was based upon the view that lack of self-defense was a part of the essential elements of the crime. We cannot make this characterization of the necessity defense.

We also recognize that in many jurisdictions decisions have allocated the burden of persuasion to negate necessity beyond a reasonable doubt. See, e.g., *People v. Perez*, 97 Ill. App. 3d 278, 280, 422 N.E.2d 945, 947 (1981) (once defendant presents "some evidence" in support of the necessity defense, the State then shoulders the burden of disproving the applicability of the defense beyond a reasonable doubt); *Walden v. State*, 251 Ga. 505, 507, 307 S.E.2d 474, 476 (1983) (State must disprove affirmative defenses beyond a reasonable doubt once raised by defendant). While this is probably the majority rule, other courts have reached the contrary result. The California courts, for example, have held that the necessity defense does not negate any element of the crime and therefore have determined that the defendant has the burden of proving the defense by a preponderance of the evidence. *Heath*, 207 Cal. App. 3d at 901, 255 Cal. Rptr. at 125; *People v. Condley*, 69 Cal. App. 3d 999, 1013, 138 Cal. Rptr. 515, 522 (1977). The Supreme Court of Nevada has likewise adopted the California reasoning and has held that "the state bears no burden of disproving the defense of necessity, and there is no constitutional impediment to allocating the burden of proof to the defendant." *Jorgensen v. State*, 100 Nev. 541, 545, 688 P.2d 308, 310 (1984).

Although the question is not free from doubt, we choose to allocate the burden of persuasion for the necessity defense in accordance with the factors set forth in *St. Francis*. We have reasons to distinguish the burden allocation in self-defense cases and are following the modern trend of our case law. We are dealing here with a statutory crime on which we must en-

graft a necessity defense without legislative direction. Thus, the grounds to allocate the burden to defendant are greater than in *State v. McCaffrey*, where the Court allocated the burden of proving legislatively created defenses to the defendant. We are also persuaded by the extent to which the relevant facts are entirely within the knowledge of the defendant and his witnesses in cases like this one.

■ Under the basic principles of allocating the burden of persuasion, we conclude that defendant must bear the burden of proving the necessity defense by a preponderance of the evidence. First, if the burden rests on the State, it would be put in the position of proving a negative, that is, the nonexistence of facts, rather than the existence of facts. Second, as previously stated, none of the elements of the necessity defense are essential to the prosecution's case against the defendant. Third, the facts at issue to the necessity defense are in many instances "peculiarly" within the defendant's knowledge.

■ Defendant's second claim is that the trial court erred in refusing to consider community service as an alternative to imprisonment. Defendant argues that community service was a permissible alternative to imprisonment under the penalty provision for DUI offenses contained in 23 V.S.A. § 1210(c)(2)(B). We fail to see how this penalty statute applies in this case. While defendant's license was originally suspended for DUI, he was charged in this case with operating a motor vehicle with a suspended license in violation of 23 V.S.A. § 674(a). Thus, the applicable penalty provision was 23 V.S.A. § 674(c), and it mandates a minimum sentence of two days in jail where the original suspension was caused by a DUI conviction. The trial court was therefore without authority to impose a lesser sentence or to substitute community service for jail time. See *State v. Saari*, 152 Vt. 510, 568 A.2d 344 (1989). Although we accept the general principle that statutes dealing with the same subject matter must be read in pari materia, *State v. Francis*, 151 Vt. 296, 306, 561 A.2d 392, 398 (1989), the community service alternative is not part of the same statutory scheme as the DLS offense and its punishment. Its availability to DUI defendants does not help the DLS defendant in this case.

*Affirmed.*