2005 VT 94

**STATE of Vermont v. Elizabeth LEOPOLD**

[889 A.2d 707]

No. 04-178

¶ 1. August 2, 2005. Elizabeth Leopold appeals her conviction for operating a vehicle while intoxicated in violation of 23 V.S.A. § 1201(a)(2). She contends the district court erred by refusing to instruct the jury regarding the affirmative defense provided in § 1201(f). We affirm the trial court.

¶ 2. On the night of November 22, 2002, Hardwick police officer Joey LaFlamm was on patrol in Greensboro when he observed appellant's car parked by the side of the road near a cemetery. He noted that the car's engine was running, and that appellant was sitting in the driver's seat. When Officer LaFlamm asked appellant what she was doing, she said that she was listening to the radio and needed some time to herself. He then made a note of the car's license plate number and drove away.

¶ 3. Officer LaFlamm continued his patrol through Greensboro for approximately thirty minutes, during which time the police dispatcher advised him that appellant's car was registered to Jane Woodruff, whose driver's license had expired. He then returned to the location where he had spoken with appellant, and observed that, though the engine remained running, the car had not moved.

Officer LaFlamm approached the car, addressed appellant as Ms. Woodruff, and advised her that her license had expired. Appellant then became angry and told Officer LaFlamm that she was not Ms. Woodruff, and that her license was not expired.

¶ 4. During this exchange, Officer LaFlamm smelled alcohol on appellant's breath, and he asked her to get out of the car and perform a series of roadside sobriety tests. Although appellant refused to submit to a preliminary breath test, Officer LaFlamm noted that her eyes were bloodshot, that her speech was impaired, and that she swayed noticeably as she walked. Officer LaFlamm then arrested appellant for operating a vehicle while intoxicated and transported her to the Hardwick Police Department for processing.

¶ 5. Appellant pled not guilty to the charge and demanded a jury trial, which was held on November 21, 2003. At trial, Jane Woodruff testified that she and appellant each had one drink between nine and eleven o'clock on the night of appellant's arrest. Woodruff said she went to sleep at eleven and did not see appellant again until after the arrest, but she testified that appellant described the night's events to her in detail a few days later. Appellant told Woodruff that she had poured some liquor into a travel mug and taken it with her to the cemetery at about 11:30 p.m. Appellant said she parked the car by the side of the road before drinking the liquor, and she never moved the car again before her arrest. Finally, Woodruff testified that appellant told her that she "wanted to die" at the cemetery that night.

¶ 6. At the close of the State's evidence, appellant moved the court to instruct the jury regarding 23 V.S.A. § 1201(f), which provides an affirmative defense for a defendant who has not moved the car while intoxicated, and does not intend to. The court determined that appellant had not established a prima facie case that she did not intend to put the car in motion, and therefore refused to instruct the jury regarding the affirmative defense. The jury returned a guilty verdict, and this appeal followed.

¶ 7. Appellant raises two arguments on appeal. First, she contends that 23 V.S.A. § 1201(f) provides a defense that directly negates one of the elements of operating while intoxicated, and therefore the burden falls upon the State to prove, beyond a reasonable doubt, that she intended to put the car in motion. Second, even if she bears the burden of proving the affirmative defense, appellant contends that Woodruff's testimony established a prima facie case that she neither moved the car while intoxicated nor intended to, and therefore the court should have instructed the jury on the defense.

¶ 8. Appellant contends that the State bears the burden of proving that she either placed her vehicle in motion while intoxicated or intended to do so. She is charged with violating 23 V.S.A. § 1201(a)(2), which states: "A person shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway . . . when the person is under the influence of intoxicating liquor." Section 1201(f), however, permits a defendant to assert "as an affirmative defense that the [defendant] was not operating, attempting to operate, or in actual physical control of the vehicle because the [defendant]: (1) had no intention of placing the vehicle in motion; and (2) had not placed the vehicle in motion while under the influence." 23 V.S.A. § 1201(f) (Cum. Supp. 2004). Because the defense provided in § 1201(f) appears to negate an element of the charged offense, appellant contends that the State must prove that she either moved the car — or intended to — while intoxicated.

560

¶ 9. Appellant's contention is without merit. The Legislature expressly stated that § 1201(f) provides an "affirmative defense." An affirmative defense typically carries with it two distinct burdens: the burden of production, and the burden of persuasion. *State v. Baker*, 154 Vt. 411, 414, 579 A.2d 479, 480 (1990). While the allocation of the second burden is sometimes controversial, it is well settled that the first burden falls to the defendant, who "must establish a prima facie case on each of the elements of the affirmative defense before the court can submit the defense to the jury." *Id.* The defense at issue here describes factual circumstances that, if established, would excuse a defendant's otherwise criminal conduct, but it does not, as appellant suggests, add an element to the charged offense. A defendant need not place a car in motion to operate it. See *State v. Emmons*, 173 Vt. 492, 493, 788 A.2d 24, 26 (2001) (mem.) (defining operation to include the act of starting a vehicle's engine). If, however, a defendant is found operating a vehicle while intoxicated, § 1201(f) will excuse the crime if she can demonstrate that she neither placed the car in motion nor intended to do so. Thus, the defense provides an excuse for operating a vehicle while intoxicated, but the State need not demonstrate that the defendant intended to move the vehicle during its case-in-chief.

¶ 10. Appellant next contends that the trial court erred in concluding that she had not presented sufficient evidence to merit a jury instruction on § 1201(f). At trial, Officer LaFlamm testified that appellant had not moved the vehicle during the thirty-minute interval between his conversations with her, but the court did not find this period of time persuasive evidence of appellant's future intentions. Without any further evidence that she did not intend to move the car, the court concluded that appellant had not satisfied the burden of production

necessary to go forward with the defense. See *State v. Knapp*, 147 Vt. 56, 59, 509 A.2d 1010, 1011 (1986) ("To be entitled to an instruction ... the defendant must establish a prima facie case on each of the elements of the defense asserted.").

¶ 11. Section 1201(f) provides an affirmative defense that excuses the offense of operating a vehicle while intoxicated under certain factual circumstances. Because the section specifies that it provides an affirmative defense, the defendant bears the burden of establishing a prima facie case on the statutory elements. Appellant here did not present sufficient evidence to establish such a prima facie case, and therefore we affirm the trial court's refusal to instruct the jury on the defense.

*Affirmed.*

Motion for reargument denied November 9, 2005.