2007 VT 78

## Paul Fraser v. Kerry Sleeper, Commissioner of Public Safety

[933 A.2d 246]

No. 05-554

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed August 24, 2007

*William A. Nelson*, Middlebury, for Plaintiff-Appellee.

*William H. Sorrell*, Attorney General, and *Harvey Golubock* and *Timothy B. Tomasi*, Assistant Attorneys General, Montpelier, for Defendant-Appellant.

¶ 1. **Burgess, J.** The Commissioner of Public Safety appeals a superior court summary judgment ruling that Paul Fraser is not required to register as a sex offender in Vermont. Mr. Fraser was previously convicted of possessing child pornography in New York.

The essential issue is whether New York's child pornography possession law is equivalent in its elements to Vermont's law. We conclude that it is not in this case and therefore affirm.

¶ 2. The undisputed facts are as follows. Paul Fraser was a social worker living and working in New York when, in 1998, he took his computer to a repair shop. An employee of the repair shop discovered child pornography on Fraser's computer and reported it to police. Fraser was convicted in 1999 under New York law of two counts of possessing child pornography. Fraser raised the issue of bona fide use of the images for research purposes before the New York trial court. The court rejected bona fide use by a social worker as a defense and refused to instruct the jury on it. An intermediate appellate court and the state high court both affirmed the determination that a bona fide use exception was not available to Fraser and upheld the convictions. *People v. Fraser*, 704 N.Y.S.2d 426 (App. Div. 2000), *aff'd*, 752 N.E.2d 244 (N.Y. 2001).

¶ 3. Fraser subsequently moved to Vermont where he was directed to register as a sex offender and did so. Fraser then sought to have his name removed from the registry, first by requesting that the Commissioner no longer require him to register. When the Commissioner refused his request, Fraser brought suit in superior court pursuant to Vermont Rule of Civil Procedure 75, seeking mandamus and declaratory relief. Fraser argued that the acts for which he was convicted in New York would not constitute a crime in Vermont because Vermont's law contains a bona fide use exemption for which he would have been eligible. The Commissioner responded that Vermont's bona fide use exemption is a defense, not an element of the crime, and New York's crime of possessing child pornography is therefore equivalent in its elements to Vermont's. The court granted Fraser's motion for summary judgment, concluding that bona fide use is not an affirmative defense under the Vermont statute but is, rather, an element of the crime which the State must affirmatively disprove beyond a reasonable doubt. The court declined to reach the issue of whether Fraser actually had a bona fide reason for possessing child pornography.

¶ 4. In reviewing a grant of summary judgment, we employ the same standard as the trial court, finding summary judgment appropriate if there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3);

*In re Barrows*, 2007 VT 9, ¶ 5, 181 Vt. 283, 917 A.2d 490. Conclusions of law are reviewed de novo. *Barrows*, 2007 VT 9, ¶ 5.

¶ 5. Under Vermont's sex offender registration statute, a person moving to Vermont who has been convicted of a sex offense elsewhere must register as a sex offender in Vermont. 13 V.S.A. § 5407(a)(1). This requirement extends to persons with a conviction "for a sex crime the elements of which would constitute a crime" under § 5401(10)(B) if committed in Vermont. *Id.* § 5401(10)(C). Subsection (10)(B) encompasses crimes of sexual exploitation of children under chapter 64 of Title 13, *id.* § 5401(10)(B)(v), and includes possession of child pornography as set out in 13 V.S.A. § 2827. The child pornography possession statute provides:

> (a) No person shall, with knowledge of the character and content, possess any photograph, film or visual depiction, including any depiction which is stored electronically, of sexual conduct by a child[1] or of a clearly lewd exhibition of a child's genitals or anus.

*Id.* § 2827(a). The next subsection provides, in pertinent part, however, that there is no prohibition against possessing child pornography for certain legitimate purposes:

> (b) This section does not apply:
>
> (1) if the depiction was possessed for a bona fide medical, psychological, social work, legislative, judicial or law enforcement purpose, by a physician, psychologist, social worker, legislator, judge, prosecutor, law enforcement officer, or other person having such a bona fide interest in the subject matter . . . .

*Id.* § 2827(b). In yet a third subsection, the statute sets forth certain "affirmative defenses" to the crime:

> (c) In any prosecution arising under this section, the defendant may raise any of the following affirmative defenses, which shall be proven by a preponderance of the evidence:

---

[1] " 'Child' means any person under the age of 16 years." 13 V.S.A. § 2821(1).

> (1) that the defendant in good faith had a reasonable basis to conclude that the child in fact had attained the age of 16 when the depiction was made;
>
> (2) that the defendant in good faith took reasonable steps, whether successful or not, to destroy or eliminate the depiction.

*Id.* § 2827(c).

¶ 6. The elements of the New York law under which Fraser was convicted are identical to those contained in subsection (a) of the Vermont law. The New York law prohibits "possessing a sexual performance by a child when, knowing the character and content thereof, [a person] knowingly has in his possession or control any performance which includes sexual conduct by a child less than sixteen years of age." N.Y. Penal Law § 263.16. The New York law does not, however, include any provision similar to § 2827(b)(1) to exempt social workers or any other professionals. The question presented, then, is whether the exemptions provided in § 2827(b) are elements of the offense to be negated beyond a reasonable doubt by the State. If the bona fide use exemption is an element to be disproved by the State, Vermont's law is not equivalent to New York's law and no sex offender registration is required in Vermont for New York convictions. If the bona fide use exemption is an affirmative defense to be asserted and proven by the defendant, the essential elements of the two crimes are identical and New York offenders must register in Vermont.

¶ 7. The trial court concluded that because the bona fide use exception was not among the affirmative defenses specifically identified as such in subsection (c), it must be an element. The Commissioner suggests, to the contrary, that the bona fide use exception can be best understood as an "ordinary defense." Unlike affirmative defenses, for which the defendant has the burden of both production and persuasion, *State v. Leopold*, 2005 VT 94, ¶ 9, 179 Vt. 558, 889 A.2d 707 (mem.), an ordinary defense places the burden of production on the defendant but leaves the burden of persuasion with the State. See 1 C. Torcia, Wharton's Criminal Law § 39, at 266-67 (15th ed. 1993). We have adopted this burden allocation for defenses such as self defense, *State v. Barrett*, 128 Vt. 458, 460, 266 A.2d 441, 443 (1970), and, prior to a statutory amendment, insanity. *State v. Gokey*, 136 Vt. 33, 37-38, 383 A.2d 601, 603 (1978) (describing sanity as an element of the crime with

rebuttable presumption in its favor and burden on defendant to produce evidence sufficient to create a jury question), *superseded by statute*, 13 V.S.A. § 4801(b) (providing for insanity as an "affirmative defense"), *as recognized in State v. Messier*, 145 Vt. 622, 626-27, 497 A.2d 740, 742 (1985); see generally *State v. Baker*, 154 Vt. 411, 416-17, 579 A.2d 479, 481-82 (1990) (discussing historical development of criminal defense burden allocations). As an ordinary defense, the Commissioner posits, bona fide use cannot be an element, and the elements of the New York and Vermont crimes are thus the same.

¶ 8. The Commissioner's position is not without support in the case law of other jurisdictions, as well as our own. *United States v. McArthur* concerned an exception contained in a federal statute prohibiting firearms possession in federal facilities. 108 F.3d 1350, 1352-53 (11th Cir. 1997). In a separate subsection, the law provided that no person was to be convicted if notice was not posted at the entrance of the facility. *Id.* at 1353. The court determined that the notice exception was an affirmative defense and not an element. *Id.* at 1356. The court reached this conclusion by applying a three-part test consisting of (1) the language and structure of the statute, (2) the legislative history, and (3) a comparison of whether the government or the defendant is better situated to adduce evidence tending to prove the applicability vel non of the exception. *Id.* at 1353. This same test was applied to a statute more similar to the one before us in *United States v. Kloess*, where the court considered an exception to a federal obstruction of justice statute. 251 F.3d 941 (11th Cir. 2001). The exception provided that the statute did not " 'prohibit or punish the providing of lawful, bona fide, legal representation services in connection with or anticipation of an official proceeding.' " *Id.* at 944 (quoting 18 U.S.C. § 1515(c)). Like the statute before us, the obstruction of justice statute also contained a subsection explicitly providing for affirmative defenses. *Id.* at 945 n.3. The *Kloess* court nevertheless rejected the argument that lack of express affirmative defense language indicated that Congress intended the exception to be an element. The court reasoned that Congress "routinely creates exceptions to criminal liability for various offenses" that "do not contain language indicating that they are affirmative defenses" but are nevertheless interpreted as affirmative defenses. *Id.* at 945 (collecting cases). Many other jurisdictions similarly hold that "when an exception is found in a separate

clause or is clearly disconnected from the definition of the offense, it is the defendant's burden to claim it as an affirmative defense." *People v. Reed*, 932 P.2d 842, 844 (Colo. Ct. App. 1996) (collecting cases); see also, e.g., *State v. West*, 929 S.W.2d 239, 242 (Mo. Ct. App. 1996) ("where the exception is found in a separate clause or part of the statute disconnected from the definition of the offense, the exception is not for the prosecution to negate, but for the defendant to claim as a matter of affirmative defense").

¶ 9. We came to a similar conclusion in *State v. McCaffrey*, 69 Vt. 85, 37 A. 234 (1896). The defendant in that case, charged with truancy for not sending his child to school, argued that he fit within certain statutory exceptions to the attendance requirement and that the State had the burden to negate the exceptions as elements. *Id.* at 88-89, 90, 37 A. at 235. In rejecting the defendant's argument and finding the exceptions to be defenses, the Court stated:

> The rule is that the exceptions must be negatived only where they are descriptive of the offense, or define it, but where they afford matter of excuse merely, and do not define nor qualify the offense created by the enacting clause, they are not required to be negatived. In this case the exceptions are not descriptive of the offense. If the respondent came within either of the exceptions, the fact was peculiarly within his knowledge and should have been proved by him as a matter of defense.

*Id.* at 90-91, 37 A. at 235-36. The *McCaffrey* rule has been explicitly followed several times since, most recently in 1989 when we held that defendants bore the burden of proving that their alleged offenses were committed in "Indian country" and therefore outside of Vermont jurisdiction. *State v. St. Francis*, 151 Vt. 384, 388-89, 563 A.2d 249, 251-52 (1989).

¶ 10. The trial court acknowledged the case law suggesting that the subsection 2827(b) exemptions may be defenses, but nevertheless concluded that it must draw meaning from the omission of the phrase "affirmative defenses" from that subsection in contrast to the express use of that phrase to describe the defendant's burden in subsection (c). We agree that "[w]here the Legislature includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that the Legislature did so advisedly." *Hopkinton Scout Leaders Ass'n*

*v. Town of Guilford*, 2004 VT 2, ¶ 8, 176 Vt. 577, 844 A.2d 753 (mem.). However, application of that tenet of statutory interpretation does not inevitably lead to a conclusion that the exemptions are elements when, as the Commissioner points out, the exemptions could be intended as ordinary defenses.

■ ■ ¶ 11. Under *McCaffrey*, an element is that which defines or describes the crime. 69 Vt. at 90, 37 A. at 235. The crime of possessing child pornography is defined by subsection 2827(a). Provisions that make an excuse or exception to the definition, particularly those principally within the knowledge of the defendant, are defenses. *Id.* at 90-91, 37 A. at 235-36; see, e.g., *State v. Rowell*, 120 Vt. 166, 169-70, 136 A.2d 349, 351-52 (1957) (citing *McCaffrey* in holding that defendant had burden to show vehicle had been inspected in absence of inspection sticker); *State v. Romano*, 101 Vt. 53, 56, 140 A. 492, 493 (1928) (citing *McCaffrey* in holding that exception to prohibition on liquor sales for licensed sellers was a defense, not an element). The subsection 2827(b) exemptions fit this description. A bona fide reason for possession of child pornography would typically not be apparent from the material itself and may never be apparent until explained by the possessor. Therefore, in keeping with the *McCaffrey* rule and the approach taken by many jurisdictions, we hold that the bona fide use and other subsection (b) exemptions are ordinary defenses, for which the defendant has the burden of production and the State has the burden of persuasion. But the case before us is not merely about determining a defendant's burden in showing an exemption applies. Rather, we are tasked with discerning the Legislature's intent by use of the phrase "the elements of which would constitute a crime . . . if committed in this state" in describing convictions for which sex offender registration is required. 13 V.S.A. § 5401(10)(C).

■ ■ ¶ 12. Sex offender registry statutes are remedial rather than penal. See *State v. Bollig*, 2000 WI 6, ¶¶ 18-20, 605 N.W.2d 199 (finding that overwhelming majority of states have held sex offender registration is not penal but rather intended to enhance community safety). As a remedial statute, we give liberal interpretation to advance the Legislature's intended remedy. *Dep't of Corr. v. Human Rights Comm'n*, 2006 VT 134, ¶ 7, 181 Vt. 225, 917 A.2d 451. We do not believe the Legislature intended the result urged by the Commissioner: to include in the sex offender

registry requirement persons whose acts would have been excused under Vermont's prohibition against possessing child pornography. Nor do we believe the Legislature intended to exclude from registration — because of a nonapplicable exemption in our law — those persons convicted of possessing child pornography in other states whose act of possession would have also been a crime if committed in Vermont. This would be the result if we were to conclude that New York's statute contains different elements — no person convicted in New York of possessing child pornography would have to register as a sex offender in Vermont, regardless of whether their possession was bona fide or otherwise. We interpret statutes to avoid absurd and illogical results such as this in favor of reasonable construction "when a plain reading of the statute would produce a result demonstrably at odds with any conceivable legislative purpose." *Judicial Watch, Inc. v. State*, 2005 VT 108, ¶ 16, 179 Vt. 214, 892 A.2d 191 (quotations omitted). Thus, we understand the term "elements" in the phrase "the elements of which would constitute a crime . . . if committed in this state" as referring to the elements of the crime that was actually committed, including any applicable exemptions for which the State would have the burden of persuasion if committed in Vermont. See Model Penal Code § 1.13(9)(c) (defining elements of a crime to include the negative of any defense).

¶ 13. There was, of course, no determination in New York concerning Fraser's claim of bona fide use, since the court rejected it as a defense. Nor is there any provision in Vermont's sex offender registry statute for an evidentiary hearing to resolve such a claim, other than perhaps charging an alleged offender under 13 V.S.A. § 5409[2] for failure to register and trying the issue of whether he or she is a "sex offender" as defined in Vermont — in essence a retrial of the underlying out-of-state conviction but instead applying Vermont's equivalent criminal statute. As the Commissioner points out, such an evidentiary hearing could be difficult, given the gap in time and distance that any out-of-state conviction would necessarily present. We conclude that, despite those potential evidentiary obstacles, a convicted offender should be given the opportunity through a declaratory judgment action, such as the present case, to meet the burden of production of one or more exemptions to the Vermont statute.

---

[2] That statute penalizes "a sex offender who knowingly fails to comply with any provision of [the sex offender registration] subchapter." 13 V.S.A. § 5409.

¶ 14. When a person convicted of possessing child pornography in another state either produced or could have produced evidence at their underlying criminal proceeding sufficient to meet the burden of production of bona fide use, or any other of the subsection 2827(b) exemptions, that exemption becomes an "element" of our statute for purposes of 13 V.S.A. § 5401's sex offender registration requirement. Meeting the burden of production may be accomplished by simply presenting the record of proceedings underlying the out-of-state conviction, where evidence of an exemption was introduced, or allowing the offender an opportunity to present evidence to meet the burden of production, if such opportunity was not available in the underlying proceedings.[3] The Commissioner, or reviewing court, need only determine that a burden of production has been met — not whether the offender actually had a bona fide use. The Vermont statute, including any applicable exemptions, may then be compared to the convicting state's statute. If the convicting state's law includes such an exemption — either as a defined element or as an exception with the burden of persuasion on the prosecution — registration is required in Vermont. If the convicting state's law does not contain an equivalent exemption, as is the case in New York, registration is not required in Vermont.

¶ 15. Here, there is no dispute that Fraser raised the issue of bona fide use before the New York court and produced evidence of bona fide use in the form of his own testimony. At his New York trial, Fraser testified to his credentials as a social worker and further explained that he possessed the material "in connection with his scientific research to develop treatment for persons transmitting child pornography on the Internet." *Fraser*, 752 N.E.2d at 245-46. The evidence was sufficient to meet Fraser's burden of production for Vermont's ordinary defense of possession for a bona fide social work purpose. See *Baker*, 154 Vt. at 414, 579 A.2d at 480 (explaining that to meet burden of production, defendant must establish a prima facie case on each element of

---

[3] In allowing offenders an opportunity to meet their burden of production in Vermont, post-conviction, we anticipate that offenders would not otherwise have an opportunity to make a prima facie case for bona fide use or other exemptions in the convicting state when the state does not recognize such exemptions. Even in the state of Fraser's conviction, New York, the next defendant seeking to raise a bona fide use defense would likely be unable to even present evidence because the issue was settled as a matter of New York law by Fraser's case.

the defense). Having met the burden of production, bona fide use became an element of the equivalent Vermont crime for purposes of § 5401(10)(C). Accordingly, the New York crime, lacking a bona fide use exception, does not contain the equivalent elements in this case, and Fraser is not a sex offender in Vermont as that term is defined in § 5401.

*Affirmed.*