Fraser v. Sleeper (2005-554)

2007 VT 78

[Filed 24-Aug-2007]


 NOTICE: This opinion is subject to motions for reargument under
 V.R.A.P. 40 as well as formal revision before publication in the Vermont
 Reports. Readers are requested to notify the Reporter of Decisions,
 Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801 of
 any errors in order that corrections may be made before this opinion goes
 to press.


 2007 VT 78

 No. 2005-554


 Paul Fraser Supreme Court

 On Appeal from
 v. Washington Superior Court


 Kerry Sleeper, Commissioner February Term, 2007
 of Public Safety


 Helen M. Toor, J.

 William A. Nelson, Middlebury, for Plaintiff-Appellee.

 William H. Sorrell, Attorney General, and Harvey Golubock and Timothy B.
 Tomasi, Assistant Attorneys General, Montpelier, for Defendant-Appellant.


 PRESENT: Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.

 ¶ 1. BURGESS, J. The Commissioner of Public Safety appeals a
 superior court summary judgment ruling that Paul Fraser is not required to
 register as a sex offender in Vermont. Mr. Fraser was previously convicted
 of possessing child pornography in New York. The essential issue is
 whether New York's child pornography possession law is equivalent in its
 elements to Vermont's law. We conclude that it is not in this case and
 therefore affirm.
 
 ¶ 2. The undisputed facts are as follows. Paul Fraser was a
 social worker living and working in New York when, in 1998, he took his
 computer to a repair shop. An employee of the repair shop discovered child
 pornography on Fraser's computer and reported it to police. Fraser was
 convicted in 1999 under New York law of two counts of possessing child
 pornography. Fraser raised the issue of bona fide use of the images for
 research purposes before the New York trial court. The court rejected bona
 fide use by a social worker as a defense and refused to instruct the jury
 on it. An intermediate appellate court and the state high court both
 affirmed the determination that a bona fide use exception was not available
 to Fraser and upheld the convictions. People v. Fraser, 704 N.Y.S.2d 426
 (App. Div. 2000), aff'd, 752 N.E.2d 244 (N.Y. 2001). 

 ¶ 3. Fraser subsequently moved to Vermont where he was directed to
 register as a sex offender and did so. Fraser then sought to have his name
 removed from the registry, first by requesting that the Commissioner no
 longer require him to register. When the Commissioner refused his request,
 Fraser brought suit in superior court pursuant to Vermont Rule of Civil
 Procedure 75, seeking mandamus and declaratory relief. Fraser argued that
 the acts for which he was convicted in New York would not constitute a
 crime in Vermont because Vermont's law contains a bona fide use exemption
 for which he would have been eligible. The Commissioner responded that
 Vermont's bona fide use exemption is a defense, not an element of the
 crime, and New York's crime of possessing child pornography is therefore
 equivalent in its elements to Vermont's. The court granted Fraser's motion
 for summary judgment, concluding that bona fide use is not an affirmative
 defense under the Vermont statute but is, rather, an element of the crime
 which the state must affirmatively disprove beyond a reasonable doubt. The
 court declined to reach the issue of whether Fraser actually had a bona
 fide reason for possessing child pornography. 
 
 ¶ 4. In reviewing a grant of summary judgment, we employ the same
 standard as the trial court, finding summary judgment appropriate if there
 are no genuine issues of material fact and a party is entitled to judgment
 as a matter of law. V.R.C.P. 56(c)(3); In re Barrows, 2007 VT 9, ¶ 5, __
 Vt. __, 917 A.2d 490. Conclusions of law are reviewed de novo. Barrows,
 2007 VT 9, ¶ 5.

 ¶ 5. Under Vermont's sex offender registration statute, a person
 moving to Vermont who has been convicted of a sex offense elsewhere must
 register as a sex offender in Vermont. 13 V.S.A. § 5407(a)(1). This
 requirement extends to persons with a conviction "for a sex crime the
 elements of which would constitute a crime" under § 5401(10)(B) if
 committed in Vermont. Id. § 5401(10)(C). Subsection (10)(B) encompasses
 crimes of sexual exploitation of children under Chapter 64 of Title 13, id.
 § 5401(10)(B)(v), and includes possession of child pornography as set out
 in 13 V.S.A. § 2827. The child pornography possession statute provides:

 (a) No person shall, with knowledge of the character and content,
 possess any photograph, film or visual depiction, including any
 depiction which is stored electronically, of sexual conduct by a
 child (FN1)or of a clearly lewd exhibition of a child's genitals
 or anus.

 Id. § 2827(a). The next subsection provides, in pertinent part, however,
 that there is no prohibition against possessing child pornography for
 certain legitimate purposes:
 
 (b) This section does not apply:

 (1) if the depiction was possessed for a bona fide medical,
 psychological, social work, legislative, judicial or law
 enforcement purpose, by a physician, psychologist, social worker,
 legislator, judge, prosecutor, law enforcement officer, or other
 person having such a bona fide interest in the subject matter . .
 . .

 Id.§ 2827(b). In yet a third subsection, the statute sets forth certain
 "affirmative defenses" to the crime:
 
 (c) In any prosecution arising under this section, the defendant
 may raise any of the following affirmative defenses, which shall
 be proven by a preponderance of the evidence:

 (1) that the defendant in good faith had a reasonable basis to
 conclude that the child in fact had attained the age of 16 when
 the depiction was made;

 (2) that the defendant in good faith took reasonable steps,
 whether successful or not, to destroy or eliminate the depiction.

 Id. § 2827(c).

 ¶ 6. The elements of the New York law under which Fraser was
 convicted are identical to those contained in subsection (a) of the Vermont
 law. The New York law prohibits "possessing a sexual performance by a
 child when, knowing the character and content thereof, [a person] knowingly
 has in his possession or control any performance which includes sexual
 conduct by a child less than sixteen years of age." N.Y. Penal Law §
 263.16. The New York law does not, however, include any provision similar
 to § 2827(b)(1) to exempt social workers or any other professionals. The
 question presented, then, is whether the exemptions provided in § 2827(b)
 are elements of the offense to be negated beyond a reasonable doubt by the
 state. If the bona fide use exemption is an element to be disproved by the
 state, Vermont's law is not equivalent to New York's law and no sex
 offender registration is required in Vermont for New York convictions. If
 the bona fide use exemption is an affirmative defense to be asserted and
 proven by the defendant, the essential elements of the two crimes are
 identical and New York offenders must register in Vermont.
 
 ¶ 7. The trial court concluded that because the bona fide use
 exception was not among the affirmative defenses specifically identified as
 such in subsection (c), it must be an element. The Commissioner suggests,
 to the contrary, that the bona fide use exception can be best understood as
 an "ordinary defense." Unlike affirmative defenses, for which the
 defendant has the burden of both production and persuasion, State v.
 Leopold, 2005 VT 94, ¶ 9, 179 Vt. 558, 889 A.2d 707, an ordinary defense
 places the burden of production on the defendant but leaves the burden of
 persuasion with the state. See 1 C. Torcia, Wharton's Criminal Law § 39,
 at 266-67 (15th ed. 1993). We have adopted this burden allocation for
 defenses such as self defense, State v. Barrett, 128 Vt. 458, 460, 266 A.2d
 441, 443 (1970), and, prior to a statutory amendment, insanity. State v.
 Gokey, 136 Vt. 33, 37-38, 383 A.2d 601, 603 (1978) (describing sanity as an
 element of the crime with rebuttable presumption in its favor and burden on
 defendant to produce evidence sufficient to create a jury question),
 superseded by statute, 13 V.S.A. § 4801(b) (providing for insanity as an
 "affirmative defense"), as recognized in State v. Messier, 145 Vt. 622,
 626-27, 497 A.2d 740, 742 (1985); see generally State v. Baker, 154 Vt.
 411, 416-17, 579 A.2d 479, 481-82 (1990) (discussing historical development
 of criminal defense burden allocations). As an ordinary defense, the
 Commissioner posits, bona fide use cannot be an element, and the elements
 of the New York and Vermont crimes are thus the same.
 
 ¶ 8. The Commissioner's position is not without support in the
 case law of other jurisdictions, as well as our own. United States v.
 McArthur concerned an exception contained in a federal statute prohibiting
 firearms possession in federal facilities. 108 F.3d 1350, 1352-53 (11th
 Cir. 1997). In a separate subsection, the law provided that no person was
 to be convicted if notice was not posted at the entrance of the facility. 
 Id. at 1353. The court determined that the notice exception was an
 affirmative defense and not an element. Id. at 1356. The court reached
 this conclusion by applying a three-part test consisting of (1) the
 language and structure of the statute, (2) the legislative history, and (3)
 a comparison of whether the government or the defendant is better situated
 to adduce evidence tending to prove the applicability vel non of the
 exception. Id. at 1353. This same test was applied to a statute more
 similar to the one before us in United States v. Kloess, where the court
 considered an exception to a federal obstruction of justice statute. 251
 F.3d 941 (11th Cir. 2001). The exception provided that the statute did not
 " 'prohibit or punish the providing of lawful, bona fide, legal
 representation services in connection with or anticipation of an official
 proceeding.' " Id. at 944 (quoting 18 U.S.C. § 1515(c)). Like the statute
 before us, the obstruction of justice statute also contained a subsection
 explicitly providing for affirmative defenses. Id. at 945 n.3. The Kloess
 court nevertheless rejected the argument that lack of express affirmative
 defense language indicated that Congress intended the exception to be an
 element. The court reasoned that Congress "routinely creates exceptions to
 criminal liability for various offenses" that "do not contain language
 indicating that they are affirmative defenses" but are nevertheless
 interpreted as affirmative defenses. Id. at 945 (collecting cases). Many
 other jurisdictions similarly hold that "when an exception is found in a
 separate clause or is clearly disconnected from the definition of the
 offense, it is the defendant's burden to claim it as an affirmative
 defense." People v. Reed, 932 P.2d 842, 844 (Colo. Ct. App. 1996)
 (collecting cases); see also, e.g., State v. West, 929 S.W.2d 239, 242 (Mo.
 Ct. App. 1996) ("where the exception is found in a separate clause or part
 of the statute disconnected from the definition of the offense, the
 exception is not for the prosecution to negate, but for the defendant to
 claim as a matter of affirmative defense").
 
 ¶ 9. We came to a similar conclusion in State v. McCaffrey, 69 Vt.
 85, 37 A. 234 (1896). The defendant in that case, charged with truancy for
 not sending his child to school, argued that he fit within certain
 statutory exceptions to the attendance requirement and that the state had
 the burden to negate the exceptions as elements. Id. at 88-89, 90, 37 A.
 at 235. In rejecting the defendant's argument and finding the exceptions
 to be defenses, the Court stated:

 The rule is that the exceptions must be negatived only where they
 are descriptive of the offense, or define it; but where they
 afford matter of excuse merely, and do not define nor qualify the
 offense created by the enacting clause, they are not required to
 be negatived. In this case the exceptions are not descriptive of
 the offense. If the respondent came within either of the
 exceptions, the fact was peculiarly within his knowledge, and
 should have been proved by him as a matter of defense.

 Id. at 90-91, 37 A. at 235-36. The McCaffrey rule has been explicitly
 followed several times since, most recently in 1989 when we held that
 defendants bore the burden of proving that their alleged offenses were
 committed in "Indian country" and therefore outside of Vermont
 jurisdiction. State v. St. Francis, 151 Vt. 384, 388-89, 563 A.2d 249,
 251-52 (1989). 

 ¶ 10. The trial court acknowledged the case law suggesting that the
 subsection 2827(b) exemptions may be defenses, but nevertheless concluded
 that it must draw meaning from the omission of the phrase "affirmative
 defenses" from that subsection in contrast to the express use of that
 phrase to describe the defendant's burden in subsection (c). We agree that
 "[w]here the Legislature includes particular language in one section of a
 statute but omits it in another section of the same act, it is generally
 presumed that the Legislature did so advisedly." Hopkinton Scout Leaders
 Ass'n v. Guilford, 2004 VT 2, ¶ 8, 176 Vt. 577, 844 A.2d 753. However,
 application of that tenet of statutory interpretation does not inevitably
 lead to a conclusion that the exemptions are elements when, as the
 Commissioner points out, the exemptions could be intended as ordinary
 defenses. 
 
 ¶ 11. Under McCaffrey, an element is that which defines or
 describes the crime. 69 Vt. at 90, 37 A. at 235. The crime of possessing
 child pornography is defined by subsection 2827(a). Provisions that make
 an excuse or exception to the definition, particularly those principally
 within the knowledge of the defendant, are defenses. Id. at 90-91, 37 A.
 at 235-36; see, e.g., State v. Rowell, 120 Vt. 166, 169-70, 136 A.2d 349,
 351-52 (1957) (citing McCaffrey in holding that defendant had burden to
 show vehicle had been inspected in absence of inspection sticker); State v.
 Romano, 101 Vt. 53, 56, 140 A. 492, 493 (1928) (citing McCaffrey in holding
 that exception to prohibition on liquor sales for licensed sellers was a
 defense, not an element). The subsection 2827(b) exemptions fit this
 description. A bona fide reason for possession of child pornography would
 typically not be apparent from the material itself and may never be
 apparent until explained by the possessor. Therefore, in keeping with the
 McCaffrey rule and the approach taken by many jurisdictions, we hold that
 the bona fide use and other subsection (b) exemptions are ordinary
 defenses, for which the defendant has the burden of production and the
 state has the burden of persuasion. But the case before us is not merely
 about determining a defendant's burden in showing an exemption applies. 
 Rather, we are tasked with discerning the Legislature's intent by use of
 the phrase "the elements of which would constitute a crime . . . if
 committed in this state" in describing convictions for which sex offender
 registration is required. 13 V.S.A. § 5401(10)(C).
 
 ¶ 12. Sex offender registry statutes are remedial rather than
 penal. See State v. Bollig, 2000 WI 6, ¶¶ 18-20, 605 N.W.2d 199
 (finding that overwhelming majority of states have held sex offender
 registration is not penal but rather intended to enhance community safety). 
 As a remedial statute, we give liberal interpretation to advance the
 Legislature's intended remedy. Dep't of Corr. v. Human Rights Comm'n, 2006
 VT 134, ¶ 7, __ Vt. __, 917 A.2d 451. We do not believe the Legislature
 intended the result urged by the Commissioner: to include in the sex
 offender registry requirement persons whose acts would have been excused
 under Vermont's prohibition against possessing child pornography. Nor do
 we believe the Legislature intended to exclude from registration - because
 of a non-applicable exemption in our law - those persons convicted of
 possessing child pornography in other states whose act of possession would
 have also been a crime if committed in Vermont. This would be the result
 if we were to conclude that New York's statute contains different elements
 - no person convicted in New York of possessing child pornography would
 have to register as a sex offender in Vermont, regardless of whether their
 possession was bona fide or otherwise. We interpret statutes to avoid
 absurd and illogical results such as this in favor of reasonable
 construction "when a plain reading of the statute would produce a result
 demonstrably at odds with any conceivable legislative purpose." Judicial
 Watch, Inc. v. State, 2005 VT 108, ¶ 16, 179 Vt. 214, 892 A.2d 191
 (quotations omitted). Thus, we understand the term "elements" in the
 phrase "the elements of which would constitute a crime . . . if committed
 in this state" as referring to the elements of the crime that was actually
 committed, including any applicable exemptions for which the state would
 have the burden of persuasion if committed in Vermont. See Model Penal
 Code § 1.13(9)(c) (defining elements of a crime to include the negative of
 any defense). 
 
 ¶ 13. There was, of course, no determination in New York concerning
 Fraser's claim of bona fide use, since the court rejected it as a defense. 
 Nor is there any provision in Vermont's sex offender registry statute for
 an evidentiary hearing to resolve such a claim, other than perhaps charging
 an alleged offender under 13 V.S.A. § 5409 (FN2) for failure to register
 and trying the issue of whether he or she is a "sex offender" as defined in
 Vermont - in essence a retrial of the underlying out-of-state conviction
 but instead applying Vermont's equivalent criminal statute. As the
 Commissioner points out, such an evidentiary hearing could be difficult,
 given the gap in time and distance that any out-of-state conviction would
 necessarily present. We conclude that, despite those potential evidentiary
 obstacles, a convicted offender should be given the opportunity through a
 declaratory judgment action, such as the present case, to meet the burden
 of production of one or more exemptions to the Vermont statute. 
 
 ¶ 14. When a person convicted of possessing child pornography in
 another state either produced or could have produced evidence at their
 underlying criminal proceeding sufficient to meet the burden of production
 of bona fide use, or any other of the subsection 2827(b) exemptions, that
 exemption becomes an "element" of our statute for purposes of 13 V.S.A. §
 5401's sex offender registration requirement. Meeting the burden of
 production may be accomplished by simply presenting the record of
 proceedings underlying the out-of-state conviction, where evidence of an
 exemption was introduced, or allowing the offender an opportunity to
 present evidence to meet the burden of production, if such opportunity was
 not available in the underlying proceedings. (FN3) The Commissioner, or
 reviewing court, need only determine that a burden of production has been
 met - not whether the offender actually had a bona fide use. The Vermont
 statute, including any applicable exemptions, may then be compared to the
 convicting state's statute. If the convicting state's law includes such an
 exemption - either as a defined element or as an exception with the burden
 of persuasion on the prosecution - registration is required in Vermont. If
 the convicting state's law does not contain an equivalent exemption, as is
 the case in New York, registration is not required in Vermont.

 ¶ 15. Here, there is no dispute that Fraser raised the issue of bona
 fide use before the New York court and produced evidence of bona fide use
 in the form of his own testimony. At his New York trial, Fraser testified
 to his credentials as a social worker and further explained that he
 possessed the material "in connection with his scientific research to
 develop treatment for persons transmitting child pornography on the
 Internet." Fraser, 752 N.E.2d at 245-46. The evidence was sufficient to
 meet Fraser's burden of production for Vermont's ordinary defense of
 possession for a bona fide social work purpose. See Baker, 154 Vt. at 414,
 579 A.2d at 480 (explaining that to meet burden of production, defendant
 must establish a prima facie case on each element of the defense). Having
 met the burden of production, bona fide use became an element of the
 equivalent Vermont crime for purposes of § 5401(10)(C). Accordingly, the
 New York crime, lacking a bona fide use exception, does not contain the
 equivalent elements in this case, and Fraser is not a sex offender in
 Vermont as that term is defined in § 5401.

 Affirmed.



 FOR THE COURT:



 _______________________________________
 Associate Justice



------------------------------------------------------------------------------
 Footnotes


FN1. " 'Child' means any person under the age of 16 years." 13 V.S.A. §
 2821(1).

FN2. That statute penalizes "a sex offender who knowingly fails to comply
 with any provision of [the sex offender registration] subchapter." 13
 V.S.A. § 5409.

FN3. In allowing offenders an opportunity to meet their burden of production
 in Vermont, post-conviction, we anticipate that offenders would not
 otherwise have an opportunity to make a prima facie case for bona fide use
 or other exemptions in the convicting state when the state does not
 recognize such exemptions. Even in the state of Fraser's conviction, New
 York, the next defendant seeking to raise a bona fide use defense would
 likely be unable to even present evidence because the issue was settled as
 a matter of New York law by Fraser's case.