**ENTRY ORDER**

2023 VT 27

SUPREME COURT DOCKET NO. 23-AP-118

MAY TERM, 2023

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Windham Unit, |
| | } | Criminal Division |
| | } | |
| Jason Muxlow | } | DOCKET NO. 21-CR-08525 |
| | } | |
| | | Trial Judge: Jennifer Barrett |

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant appeals from the criminal division's denial of his application for home detention under 13 V.S.A. § 7554b. Defendant argues that (1) the criminal division improperly ceded its authority to the Department of Corrections (DOC) by refusing to conduct a home-detention review and (2) the DOC, charged with administering the home-detention program, id. § 7554b(a), exceeded its authority in refusing to approve defendant's proposed residence for home detention. Because § 7554b's plain language requires the criminal division to consider an applicant's fitness for home detention upon receipt of a report from the DOC approving a proposed residence, and no such report was furnished here, we affirm.

¶ 2.     Defendant was arrested in October 2021 and charged with five counts of possession of child pornography under 13 V.S.A. § 2827(a). In the same month, the criminal division imposed conditions of release, including monetary bail. Defendant was detained for not providing the monetary bail and subsequently moved for release under the home-detention program, 13 V.S.A. § 7554b. After the criminal division requested that the DOC review defendant's home-detention application under § 7554b(b) in December 2022, the DOC determined that defendant's proposed residence did not "meet the necessary requirements to allow the [DOC] to supervise the defendant on home detention." The criminal division denied defendant's application for home detention on the record during a home-detention motion hearing on February 14, 2023. On March 8, defendant moved the criminal division to reconsider its denial of his home-detention request. On March 28, the criminal division denied defendant's reconsideration motion, noting that "[u]nder the plain language of the home detention statute the court will only consider the appropriateness of home detention once an address has been approved" by the DOC. On April 6, defendant appealed the denial of his home-detention application to a single Justice of this Court, who referred it to the full Court for consideration after an initial, single-Justice hearing on April 21.

¶ 3.    Review of the controlling statute, 13 VSA § 7554b, guides our analysis.  "In construing a statute, our paramount goal is to effectuate the Legislature's intent as evidenced by the plain, ordinary meaning of the language used."  Murdoch v. Town of Shelburne, 2007 VT 93, ¶ 5, 182 Vt. 587, 939 A.2d 458 (mem.) (quotation omitted).  "[I]f this language is clear and unambiguous, we enforce the statute according to its terms."  Wool v. Off. of Pro. Regul., 2020 VT 44, ¶ 22, 212 Vt. 305, 236 A.3d 1250 (quotation omitted).  "Out of respect for the expertise and informed judgment of agencies, and in recognition of this Court's proper role in the separation of powers, we accord agency decisions substantial deference."  In re Acorn Energy Solar 2, LLC, 2021 VT 3, ¶ 22, 214 Vt. 73, 251 A.3d 899 (quotation omitted).  Accordingly, "[w]e employ a deferential standard of review [for] both an agency's interpretation of a statute within its area of expertise . . . and an agency's interpretation of its own regulations."  Id. (citation omitted) (quotations and brackets omitted).  Finally, this Court will only "overturn an agency's interpretation of a statute if there is a compelling indication of an error or if the interpretation is unjust or unreasonable."  Id. ¶ 23 (quotations omitted).

¶ 4.    Section 7554b of Title 13 provides, in relevant part and with exceptions not pertinent here, that "the status of a defendant who is detained pretrial in a correctional facility for inability to pay bail after bail has been set by the court may be reviewed by the court to determine whether the defendant is appropriate for home detention" upon request from the court, the DOC, or defendant.  Section 7554b provides, further, that "[t]he review shall be scheduled upon the court's receipt of a report from the [DOC] determining that the proposed residence is suitable for the use of electronic monitoring" and that, "after a hearing, the court may order that the defendant be released to the Home Detention Program, provided that the court finds placing the defendant on home detention will reasonably assure his or her appearance in court when required and the proposed residence is appropriate for home detention."  Id.  If the DOC approves the residence, the statute then enumerates certain factors that reviewing courts are to consider, including the nature of the charged offense, a defendant's prior convictions, and public-safety risks posed by a defendant's prospective home detention.  Id.

¶ 5.    The criminal division did not improperly cede its authority to the DOC by declining to conduct a home-detention review where the DOC did not approve the proposed residence.  Section 7554b(b) says that "review shall be scheduled upon the court's receipt of a report from [the DOC] determining that the proposed residence is suitable."  "Use of the word 'shall' in a statute generally means that the action is mandatory, as opposed to directory," meaning discretionary.  Town of Victory v. State, 174 Vt. 539, 544, 814 A.2d 369, 376 (2002) (mem.).  The Legislature requires by clear and unambiguous language that a review hearing is to be scheduled when the criminal division receives a report from the DOC indicating that a proposed residence is suitable for home detention.  In the absence of such a report, the criminal division lacks statutory authority to review a defendant's home-detention application, and it is only during such a review that the criminal division may consider the factors enumerated in 13 V.S.A § 7554b.  Because it did not receive the requisite DOC approval report here, the criminal division properly denied defendant's home-detention application and properly refrained from considering the § 7554b factors.

¶ 6.    The DOC did not exceed its statutory authority in denying defendant's home-detention application.  Under § 7554b(b), the Legislature charged the DOC with "determin[ing]

2

whether the defendant is appropriate for home detention." Under the DOC's home-detention policy, it is tasked with "determining if the proposed residence supports the use of electronic monitoring devices, either through cellular or landline telephone communications." Vermont Department of Corrections Directive 431.01, Home Detention Interim Memo 3, https://outside.vermont.gov/dept/DOC/Policies/Home%20Detention%20Interim%20Memo.pdf [https://perma.cc/7QAK-P83Y]. At the February 2023 home-detention motion hearing, the criminal division credited testimony from a DOC probation officer indicating that the DOC would be unable to electronically monitor defendant at his proposed residence. In refusing to approve defendant's home-detention application in accordance with both § 7554b and the DOC's home-detention policy because the DOC could not electronically monitor defendant, the DOC did not exceed its statutory authority.

¶ 7. Defendant argues that the single-Justice decision in State v. Danforth resolves the question presently before the Court. No. 2022-348, 2022 WL 18014669 (Vt. Dec. 30, 2022) (unpub. mem.) [https://perma.cc/4864-25UE]. We disagree. That case dealt with the DOC's decision to revoke a defendant's home detention after he was initially granted the same. In Danforth, the Court reversed "the criminal division's determination that it was without the authority to review [the] DOC's decision to revoke [the] defendant's participation in the home-detention program." Id. at *5. Danforth addressed the criminal division's authority to review the DOC home-detention revocation, an issue legally distinct from criminal division review of a home-detention application absent DOC approval of the proposed residence. Therefore, Danforth cannot guide our analysis here.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice