NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 21

No. 22-AP-274

| | |
|---|---|
| Andrew Wood | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Washington Unit, |
| | Civil Division |
| | |
| Jeffrey Wallin and Michael Schirling | March Term, 2023 |

Robert A. Mello, J.

Matthew Valerio, Defender General, and Kelly Green, Appellate Defender, Montpelier, for Plaintiff-Appellant.

Charity R. Clark, Attorney General, and Lindsay Browning, Assistant Attorney General, Montpelier, for Defendants-Appellees.

Harrison Stark and Lia Ernst, ACLU Foundation of Vermont, Montpelier, for Amicus Curiae American Civil Liberties Union Foundation of Vermont.


PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.


¶ 1. **REIBER, C.J.** This case involves the interrelationship between the requirements of the Vermont Sex Offender Registry and the merger provision of the concurrent-sentence statute. Plaintiff Andrew Wood, who received a concurrent sentence for murder and sexual-assault convictions, served the maximum sentence for his registrable sex offense but remained on parole. He grieved a decision of the Department of Public Safety (DPS) that denied his request to remove him from the registry. The civil division granted summary judgment to the State on the ground that the registry statute continued to apply because plaintiff had not yet been discharged from parole, regardless of the connection between the parole and the registrable sex offense. We

conclude that summary judgment was inappropriate because there are unresolved factual and legal questions regarding whether plaintiff's parole is linked to his sex offense. Therefore, we reverse the summary-judgment order and remand for further factual development.

¶ 2.     The following facts are undisputed. In 1993, plaintiff was sentenced concurrently to eight-to-ten years for felony sexual assault and twenty years to life for murder. In 1996, Vermont enacted a sex-offender registry. 1995, No. 124 (Adj. Sess.), § 1 (codified as amended at 13 V.S.A. §§ 5401-5413). The statute created a duty for those convicted of qualifying offenses to report certain data to the State.[1] 13 V.S.A. § 5407. Under the statute in effect at the time, the reporting requirement continued for "10 years after the sex offender is released from prison or discharged from probation or parole, whichever is later." Id. § 5407(e). The statute further directed that "[t]he 10-year period shall not be affected or reduced in any way by the actual duration of the offender's sentence as imposed by the court, nor shall it be reduced by the sex offender's release on parole or ending of probation or other early release." Id. The DPS administrative rules contain essentially the same requirements without elaboration. Sex Offender Registry § 3.11(a), Code of Vt. Rules, 28 050 002, https://dps.vermont.gov/sites/psd/files/AdminRules/SOR%20Rules%202014.pdf [https://perma.cc/HV2G-YFCP] (providing similar requirement as statute). Plaintiff's sexual-assault conviction was a qualifying offense and subjected plaintiff to the registry's reporting requirements. Plaintiff was released on furlough in September 2010, and in 2017, placed on parole.

¶ 3.     In 2021, plaintiff filed a grievance with the DPS seeking removal from the sex-offender registry. Plaintiff alleged that he reached the maximum sentence for his sexual-assault conviction on August 28, 2001, and claimed that his reporting requirement therefore ended on August 28, 2011, ten years later. At the time of his grievance, plaintiff was on parole and under

---

[1] Because the parties agree that the original 1996 version of the statute applies in this case, we accept that assumption and all citations in this decision are to the original version of 13 V.S.A. § 5407.

2

the supervision of the Department of Corrections (DOC). In his request to the DPS, plaintiff attached sentence information from the DOC, which indicated that his maximum sentence for sexual assault ended on August 24, 2001. The information also showed that the sexual-assault sentence was concurrent with his other convictions, including second-degree murder, and that he was on parole.

¶ 4. The Director of the Vermont Crime Information Center (VCIC), which is part of the DPS and responsible for overseeing the sex-offender registry, denied plaintiff's request for removal from the registry. The VCIC Director explained that according to the DOC, plaintiff remained on parole for sexual assault, and therefore the registration requirement continued. The VCIC Director instructed plaintiff to contact the DOC if plaintiff wanted to challenge the DOC's sentence determination. Plaintiff did not file a separate grievance with the DOC regarding the computation of his sentence.

¶ 5. Plaintiff then filed a complaint against the DPS in the superior court under Vermont Rule of Civil Procedure 75. The DPS moved to dismiss on various grounds, including failure to exhaust administrative remedies. The court denied the motion to dismiss.[2] In denying the motion to dismiss, the court recognized that plaintiff's claims were serious enough to require more factual development. The court explained that plaintiff's concurrent sentence was unusual, and that 13 V.S.A. § 5407(e) was "ambiguous insofar as it does not explicitly describe how it applies to multiple and concurrent sentences and does not expressly indicate whether the probation or parole must be related to the qualifying offense or applies to any probation or parole." The court noted that the DPS could have provided guidance on how concurrent sentences impact the registration requirements, but that the DPS regulations simply reiterated the language of the statute without elaboration.

---

[2] The State did not cross appeal or otherwise challenge the court's order denying dismissal.

3

¶ 6.    The parties cross-moved for summary judgment.  In his motion, plaintiff claimed that the registry requirements ceased applying to him ten years after he reached his maximum sentence for the sexual-assault conviction because the registry was for sex offenders and he no longer fit that definition.  The State argued that the reporting requirements were not dependent on plaintiff's maximum sentence for sexual assault and the statute plainly required continued registration until ten years after plaintiff's release from parole, regardless of whether the parole was part of the sentence for sexual assault.  The State also responded that in any event, plaintiff continued to be on parole for sexual assault because when he was sentenced concurrently, the sexual-assault and murder sentences merged under 13 V.S.A. § 7032(c)(1).

¶ 7.    The civil division granted summary judgment to the State.  The court concluded that the statutory language was plain in providing three events to trigger the beginning of the final ten-year reporting period: release from prison, discharge from probation, and discharge from parole, whichever is later.  Because plaintiff was on parole, the court held that plaintiff's final ten-year reporting period had not yet begun.  The court rejected plaintiff's argument that this outcome was absurd, explaining that it was rational for the Legislature to require registration for a period after an offender is released from state supervision in keeping with the registry's overall purpose of providing information to authorities to assist with investigating and preventing sex offenses. The court did not reach the question of whether the DOC considered plaintiff to be on parole for sexual assault or whether such determination was consistent with the merger statute, § 7032(c)(1). The court concluded that the language of § 5407(e) was clear in triggering the ten-year reporting period only after discharge from parole, regardless of whether that parole was linked to the registrable offense.  Plaintiff appeals.

¶ 8.    This Court reviews a decision on summary judgment de novo and "applies the same standard as the trial court."  King v. Gorczyk, 2003 VT 34, ¶ 7, 175 Vt. 220, 825 A.2d 16.  A motion for summary judgment will be granted when there is no genuine dispute of fact, and a party

is "entitled to judgment as a matter of law." V.R.C.P. 56(a). In assessing a motion for summary judgment "we regard as true all allegations of the nonmoving party supported by admissible evidence and give the nonmoving party the benefit of all reasonable doubts and inferences." King, 2003 VT 34, ¶ 7.

¶ 9. The heart of the issue on appeal is how plaintiff's concurrent sentence impacts the requirements of the sex-offender registry. To resolve this question, we begin with the statutory language. "Our overriding objective when interpreting a statute is to effectuate the Legislature's intent." State v. Stamper, 2011 VT 18, ¶ 3, 189 Vt. 583, 15 A.3d 142 (mem.) (quotation omitted). In assessing a statute's meaning, we first look at the language "because we presume the Legislature intended the plain, ordinary meaning of the language." Id. (quotation omitted). We are also mindful that the sex-offender registry is a remedial statute, which aims to "provide appropriate authorities with information to assist in the investigation and prevention of sex offenses." State v. Thompson, 174 Vt. 172, 176, 807 A.2d 454, 459 (2002) (addressing "obvious purpose" of 1996 sex-offender-registry statute); see also Fraser v. Sleeper, 2007 VT 78, ¶ 12, 182 Vt. 206, 933 A.2d 246 (noting that, in general, "[s]ex offender registry statutes are remedial rather than penal" and, "[a]s a remedial statute, we give liberal interpretation to advance the Legislature's intended remedy").

¶ 10. The relevant statutory text is as follows. The sex-offender statute provides that the reporting requirements end "10 years after the sex offender is released from prison or discharged from probation or parole, whichever is later." 13 V.S.A. § 5407(e). The merger statute indicates that when sentences are imposed and the terms run concurrently, "the shorter maximum terms merge in and are satisfied by discharge of the longest maximum term." 13 V.S.A. § 7032(c)(1).

¶ 11. Plaintiff argues that once he reached his maximum sentence for sexual assault, he no longer met the definition of "sex offender," and therefore could not be subject to the reporting requirement in § 5407(e). Plaintiff alternatively argues that the ten-year termination period began

5

on September 9, 2010, when he was released from prison. Plaintiff acknowledges that he was on parole in September 2010 after his release and that the statute's plain language refers to the latter of release from prison <u>or</u> discharge from parole or probation. Nonetheless, plaintiff claims that his release from prison was the operative event here because his parole was solely for the nonqualifying offense of murder. In support of his factual assertion that his parole is not connected to his sexual-assault conviction, plaintiff cites to the DOC's sentence information, which he claims demonstrates that his parole is unconnected to his sexual-assault offense. As a legal matter, plaintiff argues that he cannot be on parole for sexual assault because parole is defined as release before the end of an inmate's sentence and plaintiff is beyond his maximum sentence for his sex offense. See 28 V.S.A. § 402(1) (defining parole).

¶ 12. The State responds that plaintiff is ineligible for removal from the registry because he remains on parole and therefore has not reached the triggering event for the ten-year cessation period. The State relies on the statutory language providing that the ten-year reporting period "shall not be affected or reduced in any way by the actual duration of the offender's sentence as imposed by the court." 13 V.S.A. § 5407(e). According to the State, use of "offender" rather than "sex offender" in this sentence indicates the Legislature's recognition that a person's overall sentence may relate to crimes other than sex offenses. The State also argues that, in any event, plaintiff's parole <u>is</u> connected to his sexual-assault conviction because he received a concurrent sentence and therefore the shorter sentence for sexual assault merged into the longer sentence for murder, creating a single effective sentence. See 13 V.S.A. § 7032(c)(1)[3] (providing that when terms are concurrent "the shorter maximum terms merge in and are satisfied by discharge of the longest maximum term").

---

[3] We need not decide whether the 1972 or current version of 13 V.S.A. § 7032(c) applies since the operative language of § 7032(c)(1) has not changed.

¶ 13.    The plain language of § 5407(e) is insufficient in this case to determine the impact of defendant's concurrent sentence on the registration requirements.  Our goal is to implement the intent of the Legislature by applying the plain meaning of a statute.  "To determine that intent, we must examine and consider fairly, not just isolated sentences or phrases, but the whole and every part of the statute, together with other statutes standing in pari materia with it, as parts of a unified statutory system."  State v. Berard, 2019 VT 65, ¶ 12, 211 Vt. 39, 220 A.3d 759 (quotation omitted).  When § 5407 is viewed in this manner, there is no "clear and unambiguous" meaning that is provided by the plain language.  Id. (quotation omitted).  As the State notes, the statute indeed provides just three ways to trigger the ten-year reporting period and does not use expiration of a maximum sentence as a triggering event.  However, the key sentences in the statute also refer to "sex offender," which implies that those triggering events will be connected in some manner to the registrable sex offense.  The statutory requirements that the ten-year period "not be affected or reduced in any way by the actual duration of the offender's sentence" or "reduced by the sex offender's release on parole or ending of probation or other early release" can be read to either support or refute plaintiff's interpretation.  Id.  However interpreted, these caveats imply that understanding the full scope of a sex offender's sentence is critical to determining the reporting obligations.  Therefore, the plain language of the statute alone does not support the conclusion reached by the trial court—that the ten-year period begins only after release from parole, even if that parole is wholly unconnected to the registrable sex offense.[4]

---

[4]  The dissent concludes that the language of § 5407(e) plainly requires a sex offender to register for ten years after release or discharge from probation or parole, regardless of how the probation or parole is connected to the qualifying sex offense.  The dissent emphasizes that this interpretation effectuates the remedial legislative purpose to protect the public and that an alternate reading would substitute this Court's judgment for that of the Legislature.  However, this narrow view fails to reconcile how the merger statute and the policy of that statute impacts the provisions of the sex-offender registry.

¶ 14. The information provided by the parties related to their summary judgment motions, even when construed in the light most favorable to plaintiff, does not conclusively establish the DOC's view of the relationship between plaintiff's parole and his registrable sex offense.[5] On the one hand, the DOC information appears to indicate that plaintiff's sentence for sexual assault has terminated. The information from the DOC lists an end date for the sexual assault. However, other parts of the DOC documentation provided by the parties indicate that the DOC considers plaintiff to be on parole for sexual assault. The sentence information indicates that plaintiff is on parole and lists his legal status as "Parole-SexOff." Further, plaintiff's parole agreement states he is on parole for sexual assault.

¶ 15. Resolution of whether the DOC considered plaintiff's parole connected to his sexual-assault offense and whether the merger provision of § 7032(c) supports that conclusion is integral to determining plaintiff's registration obligation under § 5407(e). The statutory language is ambiguous as to whether the ten-year reporting period in § 5407(e) is triggered for an offender released from prison on a sex offense but on parole for a conviction totally unconnected to the sex offense. Where a statute is ambiguous, "we ascertain legislative intent through consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law." Berard, 2019 VT 65, ¶ 12 (quotation omitted). Moreover, when two statutes are applicable to a situation, this Court strives "to harmonize statutes and not find conflict if possible," and "a specific statute dealing with the same subject matter governs over a more general one." Billewicz v. Town of Fair Haven, 2021 VT 20, ¶ 22, 214 Vt. 511, 254 A.3d 194 (quotations omitted). Another important tool to resolve this ambiguity is to consider the interpretation of the

---

[5] In support of his motion for summary judgment, plaintiff asserted that his parole was not connected to his sexual-assault conviction and cited the DOC's sentence information. The State disputed this fact, alleging that the DOC viewed plaintiff as on parole for sexual assault because plaintiff received a concurrent sentence for sexual assault and murder and therefore his effective sentence was the longer life term.

8

agency charged with implementing the statute, which is the DPS.[6]  See 13 V.S.A. § 5402(a) (providing that DPS "shall establish and maintain a sex offender registry"); see also State v. Muxlow, 2023 VT 27, ¶ 3, __ Vt. __, 297 A.3d 941 ("Out of respect for the expertise and informed judgment of agencies, and in recognition of this Court's proper role in the separation of powers, we accord agency decisions substantial deference." (quotation omitted)); Shires Hous., Inc. v. Brown, 2017 VT 60, ¶ 9, 205 Vt. 186, 172 A.3d 1215 (providing that where statute is ambiguous, Court defers to agency interpretation unless it is "unjust or unreasonable" (quotation omitted)); In re Williston Inn Grp., 2008 VT 47, ¶¶ 12-13, 183 Vt. 621, 949 A.2d 1073 (mem.) (explaining that this Court defers to agency interpretation of statutes "which the Legislature has entrusted to their administration" both out of concern for proper separation of powers and in deference to agency expertise).

¶ 16.    However, deference to an agency's decisions within its area of expertise is not absolute and will not be afforded if the agency fails to provide sufficiently clear guidance on the issue or if the agency's decision is not rational.  See In re Korrow Real Est., LLC Act 250 Permit Amend. Application, 2018 VT 39, ¶ 21, 207 Vt. 274, 187 A.3d 1125 ("Agency determinations regarding complex methodologies are similarly entitled to deference by the court, unless the opposing party can demonstrate the agency decision was wholly irrational and unreasonable in relation to its intended purpose." (quotation omitted)).  Here, there is little in the record on which

---

[6]  The ACLU-VT submitted an amicus curiae brief arguing that the DPS is not entitled to deference in interpreting the registry statute for three reasons: this is a criminal statute and the U.S. Supreme Court has held that there is no deference due to agencies regarding criminal laws; there is no formal agency guidance to follow; and the rule of lenity applies to resolve any ambiguity in plaintiff's favor.  See Abramski v. United States, 573 U.S. 169, 191 (2014) (explaining that "criminal laws are for courts, not for the Government, to construe").  The first argument was not raised below and therefore is not properly preserved for appeal.  See e.g., Naylor v. Cusson, 2007 VT 108, ¶ 22, 182 Vt. 627, 940 A.2d 717 (mem.) ("Except in rare circumstances, our rules do not allow amicus curiae to raise issues for the first time on appeal.").  In any event, we note that the sex-offender registry statute is not a penal statute.  Fraser, 2007 VT 78, ¶ 12.  The extent to which deference is appropriate in this case is not something that we need to reach at this stage given our decision to reverse summary judgment and remand to the trial court.

to base deference to the DPS. There is no indication in the record of whether the DPS has provided general guidance on the registration requirements for an individual who fully completes a sentence for a sex offense but remains on parole or under supervision for a wholly unconnected offense. As the trial court noted in denying the State's motion to dismiss, the DPS's regulations do not address the situation. Moreover, the record does not reflect how the DPS would respond if indeed plaintiff's parole had no relationship to his sexual-assault conviction. The DPS based its denial on the assumption that the DOC viewed plaintiff as being on parole for sexual assault.

¶ 17. Because there is an unresolved factual question concerning whether the DOC considered plaintiff's parole to be connected to his sex offense, summary judgment was not appropriate. See Dep't of Corr. v. Matrix Health Sys., P.C., 2008 VT 32, ¶ 11, 183 Vt. 348, 950 A.2d 1201 (explaining that summary judgment cannot be granted when there is a material fact in dispute). On remand, the civil division must resolve this question as a matter of fact and then address the remaining legal questions regarding the interpretations of § 5407(e) and § 7032(c) that flow from that factual determination.

The summary-judgment order is reversed, and the case is remanded to the civil division for further proceedings consistent with this opinion.

FOR THE COURT:

_____
Chief Justice

¶ 18. **EATON, J., dissenting.** I dissent. Section 5407(e) is not ambiguous. It plainly requires that sex offenders, which includes plaintiff, continue to register with the Department of Public Safety (DPS) until ten years have passed from either their "release[] from prison" or their "discharge from parole or probation, whichever is later." There is no need for a factual determination as to whether plaintiff's parole is "connected to his sex offense," ante, ¶ 17, because the Legislature imposed no such requirement. By the law's plain terms, the ten-year clock does

10

not start until plaintiff is "discharged from parole." Because that has not occurred, plaintiff must continue to register.

¶ 19. Registry laws, including § 5407(e), are designed to protect the public. See, e.g., Fortune v. State, 957 N.W.2d 696, 704 (Iowa 2021) (explaining that "purpose of sex offender registration is to protect the public," and more specifically, to protect "health and safety of individuals, and particularly children, from individuals who, by virtue of probation, parole, or other release, have been given access to members of the public" (quotation omitted)). They "protect society from sex offenders after they have been released back into society following the disposition of their case." In re A.J.M., 847 N.W.2d 601, 604 (Iowa 2014).

¶ 20. In service of that goal, Vermont's statutory scheme imposes various reporting and information-sharing obligations—including from the trial court, the Department of Corrections (DOC), the DPS, and the offender—that enable monitoring of sex offenders released into the community. See generally 13 V.S.A. §§ 5401-5411; see also State v. Gauthier, 2020 VT 66, ¶ 10, 213 Vt. 82, 238 A.3d 675 (explaining that "statutory scheme reflects an understanding that the reporting requirements apply to all sex offenders who live outside of the prison").

¶ 21. A "sex offender" is a person who has been convicted of specified offenses, including sexual assault. 13 V.S.A. § 5401(10)(A)(i). This clearly encompasses plaintiff, who remains a "sex offender" under the law regardless of when he completed his sentence.

¶ 22. Section 5407(e) places an outer limit on a sex offender's registration obligation. The version of the law applicable here provides:

> All reporting requirements under this section, except for sexually violent predators, shall cease 10 years after the sex offender is released from prison or discharged from probation or parole, whichever is later. The 10-year period shall not be affected or reduced in any way by the actual duration of the offender's sentence as imposed by the court, nor shall it be reduced by the sex offender's release on parole or ending of probation or other early release.

(Emphasis added.)[7]

¶ 23. Our goal in construing this statute "is to implement the intent of the Legislature." Scheffler v. Harrington, 2020 VT 93, ¶ 9, 213 Vt. 364, 245 A.3d 780 (quotation omitted). "[W]e look first to the plain meaning of the statutory language, and if it is clear and unambiguous, we will apply it, without resorting to statutory construction or additional determination of legislative intent." Martinez v. Town of Hartford, 2020 VT 70, ¶ 13, 213 Vt. 66, 239 A.3d 263 (quotation omitted). We assume the Legislature intended the plain and ordinary meaning of the language it used, State v. LeBlanc, 171 Vt. 88, 91, 759 A.2d 991, 993 (2000), and thus "we will not read words into a statute that are not there, unless it is necessary in order to make the statute effective," State v. Hale, 2021 VT 18, ¶ 14, 214 Vt. 296, 256 A.3d 595 (quotation and alteration omitted). Because "[s]ex offender registry statutes are remedial rather than penal," they are entitled to a "liberal interpretation to advance the Legislature's intended remedy." Fraser v. Sleeper, 2007 VT 78, ¶ 12, 182 Vt. 206, 933 A.2d 246.

¶ 24. The law here is clear. It requires sex offenders to register for ten years after they are "released from prison," or ten years after they are "discharged from probation or parole, whichever is later." 13 V.S.A. § 5407(e). The final sentence of § 5407(e) is reasonably interpreted, as the trial court explained, to account for the myriad but commonplace sentencing scenarios that are more complex than a single sentence for a single conviction, as in this case.

¶ 25. Enforcing the statute's plain language serves the purpose of the law. The Legislature concluded that, to protect the public, the DPS should be able to monitor sex offenders in the community for ten years following the cessation of their direct State supervision, whether that be release from prison, or discharge from probation or parole. That represents a reasoned

_____

[7] The Legislature has since determined that certain offenses, including sexual assault, require lifetime registration, and it has made clear that offenders do not need to comply with registry requirements "during periods of incarceration." 13 V.S.A. § 5407(e), (f).

12

choice by the Legislature, which should be recognized by this Court. Had the Legislature intended a different result, it would have stated so explicitly. Indeed, it has now expressly required lifetime registration for certain sexual offenses, including the one at issue here. We should not "substitut[e] this Court's policy judgments for those of the Legislature." Billewicz v. Town of Fair Haven, 2021 VT 20, ¶ 28, 214 Vt. 511, 254 A.3d 194 (citation omitted). Implementing the plain language of the law is not taking a "narrow view," as asserted by the majority; it is adhering to well-established principles of statutory construction designed to ascertain legislative intent.

¶ 26. The majority errs in finding the language of § 5407(e) ambiguous. The law does not require courts "to determine the impact of [a plaintiff's] concurrent sentence on the registration requirements." Ante, ¶ 13. It does not require that a plaintiff be "on parole for sexual assault," as plaintiff asserts. Ante, ¶ 11. The use of the word "sex offender" in the law does not create an ambiguity, nor does it reasonably imply "that th[e] triggering events" in § 5407(e) "will be connected in some manner to the registrable sex offense." Ante, ¶ 13. The term "sex offender" is defined by statute and it plainly applies to plaintiff here. It is not clear how the final sentence of § 5407(e) can be interpreted to support plaintiff's proposed interpretation, which requires reading new language into the law. Ante, ¶ 13. The language of the trigger is plain: "discharge from parole." 13 V.S.A. § 5407(e).

¶ 27. There is no conflict between § 5407(e) and 13 V.S.A. § 7032(c) that must be harmonized, as the majority posits. Ante, ¶ 15. Section 5407(e) does not require an assessment of whether DOC considers a sex offender's "release from prison, or discharge from probation or parole" to be connected to a "sexual offense." 13 V.S.A. § 5407(e). There is no reason to assess "whether the merger provision of § 7032 supports that conclusion." Ante, ¶ 15. Aside from the absence of a conflict, these two statutes do not deal with the same subject matter, and there is no reason that they should be harmonized. Cf. In re Snyder Grp., Inc., 2020 VT 15, ¶ 14, 212 Vt. 168, 233 A.3d 1077 (stating that "[l]ongstanding rules of statutory construction counsel that a

13

specific statute dealing with the same subject matter governs over a more general one," and that "when two statutes deal with the same subject matter and one is general and the other [specific], they must be read together and harmonized if possible to give effect to a consistent legislative policy" (quotations and alterations omitted)). Section 7032 addresses consecutive sentences, not registry laws; the registry laws make no reference to § 7032 and they do not require that a plaintiff be "discharged from parole for a sexual offense."

¶ 28. The majority does not explain why adding new terms to § 5407(e) "is necessary in order to make the statute effective," Hale, 2021 VT 18, ¶ 14 (quotation and alteration omitted), or how its decision serves the purpose of the law, see State v. Thompson, 174 Vt. 172, 176, 807 A.2d 454, 459 (2002) (stating that "subject matter of the statute as a whole ('Sex Offender Registration; Law Enforcement Notification'), as well as its obvious purpose to provide appropriate authorities with information to assist in the investigation and prevention of sex offenses, compel[s] statutory construction consistent with the reason for the law"). It has not given this remedial statute a "liberal interpretation to advance the Legislature's intended remedy." Fraser, 2007 VT 78, ¶ 12. It has instead narrowed the scope of the law by adding new restrictions which the Legislature did not choose to include.[8]

¶ 29. The implications of the majority's holding are also left unexplored. It appears that, under the majority's analysis, the "connection" requirement applies equally to all of the triggers in § 5407(e). The statutory language remains essentially the same now as in 1996. Plaintiff argues here that he was "released from prison" under § 5407(e) when he "maxed out" his sentence for sexual assault even though he remained incarcerated for another nine years. He was "released

---

[8] The majority also fails to explain why the decision reached by the DPS, the agency charged with implementing the statute, is "unjust or unreasonable," or "wholly irrational and unreasonable." Ante, ¶¶ 15-16; see also State v. Muxlow, 2023 VT 27, ¶ 3, __ Vt. __, 297 A.3d 941 (recognizing that "this Court will only overturn an agency's interpretation of a statute if there is a compelling indication of an error or if the interpretation is unjust or unreasonable" (quotation omitted)). The DPS justifiably relied on the plain language of the law in arriving at its conclusion. It denied plaintiff's request for removal because plaintiff remains on parole.

from prison" because, according to plaintiff, he was no longer being incarcerated for a "registrable offense." Under the majority's interpretation, this argument is now deemed reasonable, even though it ignores the plain language of the statute, creates the absurdity of requiring plaintiff to register as a sex offender while in prison, and reduces the amount of time he needs to register, if at all, once he is paroled. Nothing in the law, or its purpose, supports this result.

¶ 30. Our rules of statutory construction are clear. "If the intent of the Legislature is apparent on the face of the statute because the plain language of the statute is clear and unambiguous, we implement the statute according to that plain language." Flint v. Dep't of Lab., 2017 VT 89, ¶ 5, 205 Vt. 558, 177 A.3d 1080. The majority errs in deviating from the statute's plain language and reaching a conclusion that does not serve the law's remedial purpose. The law is clear on its face that plaintiff must continue to register as a sex offender for ten years after he is discharged from parole, and that period has not yet begun. There is a sensible purpose for the registration requirement to continue for ten years after plaintiff is discharged from parole. The Legislature recognized it in the plain language it used; the majority, respectfully, does not. I therefore dissent.

¶ 31. I am authorized to state that Justice Carroll joins this dissent.

_____
Associate Justice