VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00080



---

336 Cote Hill Rd. Zoning Permit Appeal #2025-036

---

## ENTRY REGARDING MOTION

Title:           Motion to Dismiss (Motion: 1)
Filer:            Tyler Mumley
Filed Date:      November 10, 2025

Memorandum in Opposition to Motion, filed on November 21, 2025, by Hannah Farda.

**The motion is GRANTED**.

This matter involves Hannah Farda's appeal of the Town of Morristown (Town) Development Review Board's (DRB) denial of her prior appeal of a building permit issued to Tyler Mumley for the construction of a duplex at property located at 336 Cote Hill Road, Morristown, Vermont (the Property). Mr. Mumley moves to dismiss this matter pursuant to V.R.C.P. 12(b)(6) or, in the alternative, for judgment on the pleadings pursuant to V.R.C.P. 12(c). Ms. Farda opposes the motion.

V.R.C.P. 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. A motion for failure to state a claim may not be granted unless it is beyond doubt that there are no facts or circumstances that would entitle the Appellant to relief. Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (citation omitted). We take all well-pleaded factual allegations in the Complaint as true and "assume that the movant's contravening assertions are false." Alger v. Dep't of Labor & Industry, 2006 VT 115, ¶ 12, 181 Vt. 309 (citation omitted).

A Rule 12(c) motion tests the legal sufficiency of a party's arguments, much like a 12(b)(6) motion. See Hinesburg Hannaford Water Quality Cert., No. 114-8-14 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 11, 2015) (Walsh, J.) (noting that review under 12(c) and 12(b)(6) is quite similar and that "a purely legal issue . . . is . . . appropriate for resolution on the pleadings."). "When considering a motion for judgment on the pleadings, this Court must 'take the facts as pleaded by the nonmoving party as true,' and we may only grant the motion if the moving party is entitled to judgment as a matter of law, based only on 'facts as asserted in the pleadings.'" Town of New Haven v.

<u>Clark</u>, No. 25-3-13 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Feb. 14, 2014) (Durkin, J.) (quoting <u>In re Knapp</u>, 152 Vt. 59, 63 (1989); V.R.C.P. 12(c)). In the context of a de novo appeal to this Court, which begins not with a complaint but with a notice of appeal and Statement of Questions, the "pleadings" are typically sparse. See <u>In re Conlon CU Permit</u>, No. 2-1-112 Vtec, slip op. at 1 (stating that the Environmental Division views the notice of appeal and Statement of Questions as the pleadings).

Ms. Farda's Statement of Questions contains narrative and legal argument but functionally poses two Questions for the Court's review in this case. First, based on her allegations that the rent charged at the duplex will be unaffordable in Lamoille County and that the intended tenants are traveling medical professionals, she asks whether the duplex complies with the intention of Act 47 (sometimes referred to as the HOME Act). Second, assuming the above is answered in the negative, she asks whether the permit should be rescinded. Taken together, the Court understands Ms. Farda's Questions to functionally assert that the application must be denied because the project does not create affordable housing and/or Mr. Mumley intends to rent the units to traveling medical professionals. Alternatively, she asserts that the permit must be denied because duplexes are not allowed in the relevant zoning district, the RRA district, as defined by the Town zoning regulations.

In 2023, the Legislature passed Act 47. In relevant part, the Act amended portions of Title 24, Chapter 117 of the Vermont Statutes. Section 4412 thereof sets forth the required land development provisions that "shall apply in every municipality." 24 V.S.A. § 4412. The provisions of § 4412 apply to every municipality "[n]otwithstanding any existing bylaw . . . ." 24 V.S.A. § 4412.

As amended, § 4412(d) requires that "[i]n any district that allows year-round residential development, duplexes shall be an allowed use with dimensional standards that are not more restrictive than is required for a single-unit dwelling . . . ." 24 V.S.A. § 4412(1)(d).[1] For the purposes of Chapter 117, "duplex" is defined as "a residential building that has two dwelling units in the same building and neither unit is an accessory dwelling unit." 24 V.S.A. § 4303(39).[2] Affordable housing and housing developments are separately defined and not cross-referenced within Chapter 117.

---

[1] In her opposition to the pending motion, Ms. Farda places weight on the first two sentences of § 4412(1)(d) which states that "Bylaws shall designate appropriate districts and reasonable regulations for multiunit or multifamily dwellings. No bylaw shall have the effect of excluding these multiunit or multifamily dwellings from the municipality." 24 V.S.A. § 4412(1)(d). The controlling provision in this appeal is the language specific to duplexes because it is more specific than the language related to all multiunit or multifamily homes. See <u>In re Pederzani</u>, 2024 VT 82, ¶ 12 ("When there are two conflicting provisions in an ordinance, the specific provision is held to as an exception to the general provision.") (quoting <u>In re Application of Lathrop Ltd. P'Ship I</u>, 2015 Vt 49, ¶ 31, 199 Vt. 19).

[2] It is not disputed that the building constitutes a duplex.

Section 4412 is clear and unambiguous. See Maple Run Unified Sch. Dist. v. Vt. Hum. Rts. Comm'n, 2023 VT 63, ¶ 13 ("Our primary objective when construing a statute is to give effect to the intention of the Legislature. In effectuating that intent, [w]e examine the plain language of the statute, and if this language is clear and unambiguous, we enforce the statute according to its terms") (internal quotations and citations omitted). Any duplex that meets the definition of § 4303(39) is an allowable use in any zoning district in which year-round residential development is allowable. There is no requirement that the units within the duplex be "affordable," as that term is defined by Chapter 117, or be rented to certain individuals.

This plain language interpretation of the statute is clearly consistent with the purpose of Act 47.[3] The full name of Act 47 is "An act relating to housing opportunities made for everyone." The amendments to Chapter 117 adding or deleting language generally have the effect of reducing regulatory burdens on various types of housing development in local zoning. Some of the amendments concern affordable housing developments. Some of the amendments concern any housing developments. By its plain language, purpose of Act 47, generally, is to mitigate effects of a housing shortage by alleviating some local regulatory burdens for certain housing developments. Here, that purpose is effectuated by making duplexes, defined as two residential units in one building, an allowable use in any district where year-round residences are allowable. 24 V.S.A. § 4412(1)(d). Presumably, this increases the number of the zoning districts in which duplexes would be allowable across Vermont and, potentially, expands the number of duplexes within the state. As the Act says in its full title, it is intended to address housing opportunities for "everyone," not any specific group of people. The Court's interpretation is therefore consistent with the purpose of the statute.

Thus, through Act 47, duplexes became an allowable use in the Town in every district that allows year-round residential development, subject to dimensional restrictions. Because it is undisputed that year-round residential uses are allowable in the applicable zoning district, duplexes became an allowable use in this district at the time the amendment became effective. See Revised Statement of Questions at 2 (filed Nov. 17, 2025) (including the use table of the applicable zoning regulations). This provision applies "notwithstanding any existing bylaw." Thus, Ms. Farda's assertion

---

[3] The Court can find no readily available purpose statement for Act 47. Ms. Farda's Statement of Questions quotes two summary statements related to the purpose of the Act but provides no citations. The Court cannot find these quotations in any legal database. In any event, this Court's interpretation is consistent with this quoted language, whatever its origin, which states that the Act's purpose is to be "part of a multipronged approach to mitigating the housing crisis . . . ." This statement indicates that the purpose of the act, as discussed herein, is to provide additional housing in Vermont. This Court's interpretation is consistent with that goal as it interprets § 4412(1)(d) as making duplexes allowable uses in more districts, regardless of renter's status or rent amount.

that the project on appeal is inconsistent with the Town's zoning regulations or must be denied pursuant to the regulations because duplexes are not allowed in this district must fail. Because § 4412(1)(d) applies notwithstanding the existing regulations, it does not matter that the Regulations have not been updated to reflect the amendments to 24 V.S.A. § 4412(1)(d). 24 V.S.A. § 4412. Thus, Mr. Mumley is entitled to judgment as a matter of law on the Question of whether the use is allowable in the district.

There being nothing within 24 V.S.A. § 4412 requiring a duplex's units be affordable or rented to any particular type of individual(s), Mr. Mumley is entitled to judgment on Ms. Farda's first Question because the intended tenant(s) or rental amount have no bearing on whether § 4412 applies to the project. Because these considerations are not relevant, Mr. Mumley is also entitled to judgment as a matter of law on Ms. Farda's second Question, and these considerations do not present grounds to rescind the permit or otherwise deny it.

For these reasons, Mr. Mumley is entitled to judgment on the pleadings and his motion is **GRANTED**.

This concludes the matter before the Court. A Judgment Order accompanies this Entry Order.

Electronically signed December 31, 2025 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division